**UNIVERSAL INSURANCE COMPANY, INC.,**
Plaintiff

v.

**WARRANTECH CORPORATION,**
et al., Defendants.

**Civil No. 05–1126 (JAG).**

United States District Court,
D. Puerto Rico.

Sept. 29, 2005.

Lee Sepulvado–Ramos, Carrion & Sepulvado, Hato Rey, PR, Omar Oquendo–Claudio, McConnell Valdes, San Juan, PR, for Plaintiff.

Nynorsha C. Lugo–Sanchez, Pedro R. Pierluisi, O'Neill & Borges, San Juan, PR, for Defendants.

### OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is an "Urgent Motion to Remand" (Docket No. 2), filed by plaintiff Universal Insurance Company, Inc. ("Universal"). For the reasons set forth below, the Court **GRANTS** the Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 1st, 1998, Universal and Warrantech Corporation, Warrantech Consumer Product Services, Inc., and Warrantech International, Inc., (collectively, "Warrantech") entered into an Administrative Agreement and a Fee Agreement.

Pursuant to the Administrative Agreement, Universal contracted through Warrantech's subsidiaries the administration of its extended warranty service contracts, which Universal sells to customers who purchase motor vehicles. Article XVIII of the Administrative Agreement expressly provides that any dispute related to a breach of contract shall be submitted to a board of arbitrators in San Juan, Puerto Rico. (Docket No. 1, Exhibit C–1, at 43).

The Fee Agreement, on the other hand, is essentially limited to providing the payment terms for the services rendered pursuant to the Administrative Agreement. The Fee Agreement also contains an arbitration clause which provides for the arbitration of disputes arising from, or relating to, the performance or breach of the Fee Agreement. *Id.*, at 47. Arbitration under the Fee Agreement, however, must take place in the state of Connecticut, pursuant to Connecticut law. Nonetheless, Article V of the Fee Agreement states that, upon termination or cancellation of the Fee Agreement, any obligation to make payments shall be governed by the Termination provisions of the Administrative Agreement. *Id.*, at 46–47.[1]

On October 16th, 2003, Universal notified Warrantech the termination of the Administrative and Fee Agreements, and initiated efforts to collect fees paid for services not rendered by Warrantech. On October 15th, 2004, Universal notified Warrantech a demand for arbitration pursuant to the Administrative Agreement, seeking to recover the aforementioned monies (hereinafter, "Puerto Rico Arbitration").

Subsequently, Warrantech initiated a parallel arbitration proceeding in the state of Connecticut, claiming its share of the Net Revenues obtained by Universal from the sale of its extended warranty service contracts (hereinafter, "Connecticut Arbitration"). Warrantech claims such payments are payable pursuant to the Fee

---

**1.** Article V(B) of the Agreement provides:

This AGREEMENT will automatically terminate as of the effective date of termination or cancellation of the Administrative Agreement between [UNIVERSAL] and [WARRANTECH]. Upon termination or cancellation, continuing obligation to make payments as provided in this AGREEMENT shall be governed by the terms and conditions of Section IX.[sic] F.1 and F.2 of the Administrative Agreement between [UNIVERSAL] and [WARRANTECH].

Agreement and, thus, the arbitration proceedings must be conducted in Connecticut.

Universal, on the other hand, claims that the "share of Net Revenues" issue was already addressed by Warrantech through a Counterclaim filed as part of the Puerto Rico Arbitration, and hence its filing a separate proceeding in Connecticut is just "an attempt to force Universal to arbitrate the exact same issues in two separate proceedings . . . in open violation of the agreements between the parties." (Docket No. 2 at 4). Moreover, Universal alleges that Warrantech's claim is nothing but a post-termination attempt to collect fees and, therefore, subject to the provisions of the Administrative Agreement. *Id.*

On January 21st, 2005, Universal filed a "Complaint to Compel Arbitration and Preliminary Injunction Petition" before the Puerto Rico Court of First Instance, Superior Court of San Juan. On February 2nd, 2005, Warrantech filed a Notice of Removal before this Court, premising federal jurisdiction on the diversity statute. (Docket No. 1). On February 11th, 2005, Universal filed an Urgent Motion to Remand, arguing that its Complaint does not meet the jurisdictional amount required by 28 U.S.C. § 1332(a).

## STANDARD OF REVIEW

1. *Removal Standard*

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 163–64, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

The removal notice "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the [Complaint]." 28 U.S.C. 1446(b).

When the removal is premised on diversity jurisdiction, the removing party must show the Court that all the jurisdictional elements are met. In order for diversity jurisdiction to exist, there must be complete diversity—that is, no plaintiff can be a citizen of the same state as any of the defendants. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Also, diversity jurisdiction exists under § 1332 only where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. The amount in controversy requirement is ordinarily determined from the plaintiff's complaint. *Saint Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *PCS 2000 LP v. Romulus Telecomm., Inc.,* 148 F.3d 32, 34 (1st Cir.1998). Furthermore, a court must determine the amount in controversy in a particular lawsuit based on the circumstances existing at the time the complaint was filed. *Spielman v. Genzyme Corp.,* 251 F.3d 1, 4 (1st Cir.2001). A case should be dismissed for failing to meet the jurisdictional amount requirement only if there is a legal certainty that the plaintiff cannot recover in excess of $75,000. *Saint Paul Mercury Indemnity Co.,* 303 U.S. at 288, 58 S.Ct. 586.

When a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper. *See Danca v. Private Health Care Systems,* 185 F.3d 1, 4 (1st Cir.1999) (*citing BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4,* 132 F.3d 824, 831 (1st

Cir.1997)). Removal statutes are strictly construed against removal. *See Rossello–Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (D.Puerto Rico 2004) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994).

## DISCUSSION

■ Warrantech argues that Universal's Motion to Remand is a "frivolous attempt to avoid having the Court enforce an agreement to arbitrate a dispute that involves an amount well in excess of the jurisdictional amount of $75,000." (Docket No. 6 at 9). Specifically, Warrantech alleges that the amount in controversy in a petition to compel arbitration is determined by the underlying cause of action that would be arbitrated. Therefore, since Universal claims $2,255,369.40 in the Puerto Rico Arbitration, and Warrantech claims $180,000.00 in the Connecticut Arbitration, Warrantech concludes that the underlying cause of action exceeds the jurisdictional amount. *Id.*, at 13.

Universal counters that the present Complaint in no way seeks a remedy related to its breach of contract claims against Warrantech, inasmuch as those claims are properly before an arbitration panel in Puerto Rico. (Docket No. 2 at 5). Conversely, Universal argues that the only right it stands to protect is that of arbitrating all the contractual disputes between the parties in Puerto Rico, and to prevent the additional costs and expenses resulting from prosecuting the same disputes in two different proceedings. *Id.*, at 15. Hence, for purposes of determining the jurisdictional amount, Universal avers that the Court should only consider the costs associated with celebrating an evidentiary hearing in Connecticut, because Universal is already forced to prosecute the Puerto Rico Arbitration, which entails conducting discovery and prosecuting essentially all the disputes between the parties. *Id.* The Court agrees.

The issue before the Court is not whether arbitration shall be compelled, but whether the two parallel arbitration proceedings already underway shall be consolidated. A look at Universal's state court Complaint demonstrates that Universal is not requesting damages, monetary compensation, or even questioning the merits of the claims before the Connecticut Arbitration, but rather requesting the Puerto Rico Court of First Instance to order that those claims be entertained as part of the Puerto Rico Arbitration. That is, Universal only asks the Court of First Instance to decide whether the issue over the payment of shares from Net Revenues is controlled by the Fee Agreement or the Administrative Agreement, which in turn, would determine where the arbitration over that issue is to take place.

If the issue is governed by the Fee Agreement, and the injunction is denied by the Court of First Instance, Universal would be forced to arbitrate in the ongoing Connecticut Arbitration. Universal contends, and Warrantech does not deny, that such an eventuality would only cost Universal the expenses associated with the celebration of an evidentiary hearing in Connecticut. Moreover, Universal contends, and Warrantech does not deny, that if the injunction is granted, Warrantech would only have to file an amended counterclaim in the Puerto Rico Arbitration.

Warrantech, however, does not prove that either scenario would entail costs that exceed the $75,000 threshold. Therefore, the Court rules that the object of the litigation does not—to a legal certainty—exceed the jurisdictional amount and, ac-

cordingly, must **REMAND** the case to the Puerto Rico Court of First Instance.

### CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** Universal's Motion (Docket No. 2) and **REMANDS** the case to the Puerto Rico Court of First Instance. All pending motions are **MOOT.** Judgment shall enter accordingly.

IT IS SO ORDERED.