NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2884
_____

PGT TRUCKING, INC.

v.

ROBERT B. LYMAN; LYMAN CONSULTING, LLC,
Appellants
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cv-00300)
District Judge:  The Honorable William L. Standish

Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2012

BEFORE:  SCIRICA, GREENAWAY, Jr., and NYGAARD, *Circuit Judges*

(Filed:  October 9, 2012)
_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

I.

The parties entered into an agreement whereby Appellant Robert Lyman was

retained to, among other things, develop and implement a program to recruit Mexican

nationals as truck drivers for Appellee PGT Trucking.  After Lyman accepted an

employment offer from PGT, he entered into an agreement to provide consulting services to a Mexican trucking interest.  PGT viewed this as a breach of Lyman's employment contract which contained, among other things, noncompetition and confidentiality clauses.  PGT filed suit in the Common Pleas Court of Beaver County, Pennsylvania.

Lyman removed the action to the United States District Court for the Western District of Pennsylvania.  PGT then filed a motion to remand the matter to Beaver County, Pennsylvania pursuant to the parties' agreement.  Magistrate Judge Robert C. Mitchell issued a Report and Recommendation in which he advised that the forum selection clause in the parties' agreement was enforceable  and that the matter should be sent back to state court.  The District Court adopted the Report and Recommendation and granted PGT's motion to remand.  Lyman timely appealed.  We will affirm.

## II.

We must first determine if the order is reviewable.  Appellee argues that Congress has precluded our review of orders remanding removed cases to state courts.  That is only partially true.  Ordinarily, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except [in civil rights cases]."  28 U.S.C. § 1447(d).  However, the Supreme Court has explained that the only remands that cannot be reviewed on appeal are those predicated upon lack of subject matter jurisdiction or defects in the removal procedure.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996).  A remand order based upon a contractual forum-selection clause, like that at issue here, is not a remand based upon a procedural defect or lack of subject-matter jurisdiction.  Therefore, since the District Court's remand order was not

2

based upon a ground specified in § 1447, § 1447(d) does not prohibit our review of the District Court's order. *See Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207 (3d Cir. 1991). We now turn the merits of the appeal.

III.

If a defendant has removed a case in violation of a forum selection clause, remand is the appropriate and effective remedy for the wrong. *Foster*, 933 F.2d at 1217. Here, we find no reason to differ with the District Court's determination that Lyman is stuck with his bargain. Forum selection clauses are entitled to great weight, and are presumptively valid. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir.1983) (*overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989).

The District Court did not err when it held that the Appellants unambiguously waived their right to a federal forum. The clear and unambiguous language of the provision before us allows no other conclusion than that the parties intended to establish Beaver County, Pennsylvania as the sole location for litigating their disputes:

> 10. GOVERNING LAW – This agreement shall be governed by, interpreted, construed, and enforced in accordance with the laws of the Commonwealth of Pennsylvania. Enforcement of or any legal actions for breach of this Agreement shall be brought only in the Common Pleas Court of Beaver County, PA.

This forum selection clause does not require that we interpret any statute, state or federal; instead, it is the bargained-for result of the parties' counseled negotiation.

3

Lyman argues that PGT's claims are unrelated to the subject matter of the agreement, maintaining instead that the forum selection clause only controls breach of contract actions. Lyman's duties as a consultant under the agreement, however, were not limited to recruiting Mexican nationals for driving positions. The agreement provides that Lyman was to "provide such other tasks or projects as he may be assigned by Company Management." Since the claims at issue here arose from Lyman's performance of tasks assigned to him by PGT, the agreement's forum selection clause applies.

IV.

In sum, we hold that the forum selection clause memorializes the parties' intention to litigate all contractual disputes in the state courts of Pennsylvania. Thus, the Appellants have waived the right to removal. We will affirm the order remanding to state court substantially for the reasons set forth in the Magistrate Judge's Report and Recommendation.