UNITED STATES DISTRICT COURT

DISTRICT OF PUERTO RICO

Autoridad de Energia
Electrica de Puerto Rico,
    Plaintiff

                                   Case No. 09-cv-02242-SJM
    v.                              Opinion No. 2016 DNH 057

Vitol Inc., Vitol S.A., et al.,
    Defendants

## O R D E R

This suit was filed in 2009 by the Autoridad de Energia
Electrica de Puerto Rico ("PREPA") in the Commonwealth Court of
First Instance, San Juan Part ("Commonwealth court"), against
Vitol Inc. and Vitol S.A. seeking, inter alia, a declaratory
judgment that certain oil supply contracts it had entered with
Vitol Inc. were rescinded by operation of local law.  Defendants
removed the case to federal court, invoking this court's
diversity subject matter jurisdiction, and asserted
counterclaims against PREPA.  In 2012, PREPA filed a second
complaint in the Commonwealth's court against Vitol Inc. and
Vitol S.A., d/b/a Vitol S.A., Inc., alleging similar causes of
action regarding four additional oil supply contracts.
Defendants removed that case to federal court as well, again

1

invoking the court's diversity subject matter jurisdiction. Subsequently, the two actions were consolidated.

The procedural history of the case is long and complicated. Since removal of the action in December 2009, PREPA has repeatedly moved for remand of the case to the Commonwealth's court based on forum selection clauses in the fuel supply contracts. The history of the case appears to have been further complicated by extensive motion practice between the parties, as well as PREPA's March 2015 motion to disqualify and/or for recusal of the judge previously assigned to the case.

The case was reassigned in October of 2015, thereby mooting PREPA's motion to disqualify and/or recuse. Having reviewed the existing docket, it appears that several motions are pending, including a third motion to remand filed by PREPA, three fully briefed motions for summary judgment, as well as two motions for reconsideration of orders on motions in limine, and a motion for reconsideration of the court's September 30, 2014, order.

Because it appears from the record that the court has not definitively resolved a critical issue, i.e. the applicability

2

of the forum selection clauses,[1] and because the forum selection clauses determine whether the case should remain before this court, that is an appropriate place to begin.

## BACKGROUND

PREPA, a Puerto Rico public corporation, filed suit in November 2009 against Vitol Inc., Vitol S.A., Carlos Benitez, Inc. ("Benitez, Inc."), and Fidelity & Deposit Company of Maryland ("Fidelity"),[2] claiming that two oil supply contracts it held with Vitol Inc. were "void" or were automatically rescinded pursuant to Puerto Rico Act 458.

Puerto Rico Act 458 provides that public corporations, like PREPA, may not award bids or contracts to a juridical person[3] who

---

[1]    To the extent defendants suggest that the issue was largely resolved in earlier rulings (except as to whether PREPA could prove its allegations that Vitol Inc. is the alter ego of Vitol S.A.) it does not appear so, and, in any event, the law of the case doctrine would not apply even if the issue had been finally resolved.  See, e.g., Ellis v. U.S., 313 F.3d 636, 648 (1st Cir. 2002) (court may revisit earlier ruling to avoid "manifest injustice").  The relationship between the defendants is not critical to a determination of the applicability of the forum selection clauses to this case.

[2]    Benitez, Inc., and Fidelity subscribed Vitol Inc.'s performance bond required under the contracts.

[3]    "Juridical person" is defined by the statute to include "corporations, professional corporations, civil and mercantile partnerships, special partnerships, cooperatives and any entity defined as such in any applicable law, including those that

has pled guilty to, or been convicted of, any crime constituting fraud, embezzlement or misappropriation of public funds.  See 3 LRPA § 928.  Act 458 further prohibits juridical persons who have pled guilty to, or been convicted of, such crimes from participating in the bidding process for a contract with a public corporation, and from executing contracts with a public corporation for 20 years after the date of conviction.  See id. The Act further provides that conviction "shall entail . . . the automatic rescission of all contracts in effect on said date between the person convicted or found guilty and any agency or instrumentality of the Commonwealth government, [or] public corporation."  3 LRPA § 928c.

In November of 2007, Vitol S.A. pled guilty to grand larceny fraud in a New York state court.  PREPA makes several assertions regarding that conviction, all of which arise from PREPA's contention that Vitol S.A. is an "alter ego" or "partner" of Vitol Inc., as described in Act 458.

First, PREPA says that, pursuant to 3 LPRA § 928c, the contracts in effect between Vitol Inc. and PREPA on the date of Vitol S.A.'s conviction were automatically rescinded, and that

---

constitute, for these purposes, the alter ego of the juridical person or subsidiaries thereof."  3 L.P.R.A. § 928a.

any contract executed after Vitol S.A.'s conviction is "null and void ab initio" (document no. 160, p. 12) because Vitol Inc. could no longer legally participate in the public bidding/contract process.

PREPA also contends that, because the contracts at issue required Vitol Inc. to represent that it was not prohibited from contracting with Puerto Rico public authorities, and to submit a sworn statement, attesting to whether it had pled guilty to, or been convicted of such crimes, Vitol Inc. was contractually required to inform PREPA of Vitol S.A.'s conviction. (Document no. 113, p. 18-19.)  Therefore, says PREPA, Vitol Inc.'s omission violated both Act 458 and the contracts.  PREPA's 2009 complaint seeks declaratory relief, damages "caused by deceit in the contracting process," and damages for breach of contract. (Document no. 1-3.)

PREPA's subsequent complaint, filed in 2012 against Vitol Inc. and Vitol S.A. d/b/a Vitol S.A., Inc., seeks similar relief with regard to four additional oil supply contracts - three between Vitol Inc. and PREPA, and one between PREPA and Vitol

S.A., Inc.[4]  The contracts at issue in the 2009 and 2012 actions contain choice of law and venue clauses.

First Motion to Remand

Following defendants' removal of the case in December 2009, PREPA timely filed a motion to remand, arguing: (1) complete diversity between the parties was lacking because defendant Benitez, Inc., was a citizen of the Commonwealth of Puerto Rico; and (2) Vitol Inc. could not remove the case, or consent to removal, because the forum selection clause in the contracts between Vitol Inc. and PREPA was mandatory and enforceable. Defendants countered that PREPA had improperly or fraudulently included Benitez, Inc., as a non-diverse party to defeat diversity jurisdiction.  Defendants further argued that enforcement of the forum selection clause would be unreasonable, because Vitol S.A. was not a signatory party to the relevant contracts.

The motion was referred to a magistrate judge, who found that defendants had not established that PREPA included Benitez, Inc., as a defendant to defeat diversity, and that the forum

---

[4]     Vitol S.A., Inc., subsequently assigned its contract with PREPA (contract 902-01-05) to Vitol Inc.  PREPA argues that the assignment was without PREPA's consent, but the validity of that assignment does not impact the court's analysis.

6

selection clause was mandatory and subject to enforcement. (Document no. 25, p. 19.) She recommended that the action be remanded to state court. Both parties objected.[5]

The court issued an order on September 3, 2010, agreeing with the magistrate judge that the forum selection clause was mandatory, but indicated the court's "strong doubts as to the inclusion" of Benitez, Inc., and Fidelity as parties to the case. (Document no. 30, p. 11.) Then, focusing on whether it would be unreasonable to hold non-signatory Vitol S.A. to the contract's forum selection clause, the court noted: "the relationship [between] Vitol Inc. and Vitol S.A. . . . should be determined not by mere allegations but by proof, particularly as to alter ego allegations." (Id. at p. 18.) The court then denied PREPA's motion to remand without prejudice, allowing the parties 90 days to perform discovery, and authorizing PREPA to

---

[5] Defendants objected to the magistrate judge's conclusions. (Document no. 26.) PREPA, on the other hand, requested that the magistrate judge's report and recommendation be amended to state: (1) "Vitol S.A., even though a non-signatory party, is subject to enforcement of or bound by the mandatory selection clauses in the contracts between PREPA and Vitol Inc.;" (2) "Vitol S.A., as a non-signatory party, but as an entity closely related to the contractual relationships at issue in the case . . . can be bound by the mandatory forum selection clauses in the contracts at issue;" and (3) "since Vitol Inc. waived its right to removal, Vitol Inc. cannot consent to removal by Vitol S.A. and therefore Vitol S.A. cannot meet the unanimity requirement for removal." (Document no. 27, pp. 2-3.)

file an amended motion to remand "making reference to specific facts relating to the remand request." (Id. at 19.)

Second Motion to Remand

As instructed, in December of 2010, PREPA filed a second motion to remand (document no. 39). Additional facts and exhibits pertaining to the relationship between Vitol Inc. and Vitol S.A., were included, but the same arguments made in its first motion to remand were largely reiterated: (1) that PREPA's joinder of Benitez, Inc., was proper, and, therefore, complete diversity of citizenship did not exist; and (2) the forum selection clause in the contracts made the Commonwealth courts of Puerto Rico "the only courts with competent and exclusive jurisdiction over disputes" between Vitol Inc. and PREPA regarding the contracts. (Document no. 39, p. 11.) PREPA further argued that the court's attention to the relationship between Vitol Inc. and Vitol S.A., (for purposes of ruling on PREPA's motion to remand) was misplaced because "it is immaterial whether Vitol S.A. is so related to Vitol Inc. so as to make Vitol S.A. bound by the forum selection clauses in the contracts in controversy [,] because Vitol Inc. cannot consent to removal by Vitol S.A. and therefore Vitol S.A. cannot meet the unanimity requirement for removal." (Id. at 19.)

8

The court determined that PREPA's motion should be treated as a motion for reconsideration, since PREPA "[did] not present any new evidence or arguments that have not been presented before the Court's issuance of its Opinion and Order of September 3, 2010." (Document no. 55, p. 12.) Characterizing PREPA's motion as "merely a rehash of its prior arguments," (id.) the court determined that Fidelity and Benitez, Inc., should be disregarded for diversity purposes, as they were improperly joined because "there is no cause of action under the [performance bonds] against Benitez, et al." (Id. at 14.)

The court then turned to the forum selection clause. PREPA's unanimity argument was not addressed. Instead, the analysis focused on whether it would be unjust and unreasonable to apply the mandatory forum selection clause to a non-signatory party (Vitol S.A.) when PREPA had not sufficiently proved that Vitol S.A. was an alter ego of Vitol Inc. The court did not issue a final ruling on the applicability of the forum selection clause, however, stating: "[t]he issue as to whether [Vitol Inc.] may or may not consent to the removal will be determined after the Court issues a final ruling on the forum selection clause, which will be made after the parties have an opportunity to present evidence at trial." (Id. at 21.)

PREPA filed a motion for reconsideration. (Document no. 57.)  By order dated September 10, 2012, the court denied the motion, stating: "until PREPA shows to the Court that [Vitol Inc.] and [Vitol S.A.] are one and the same legal entity, [Vitol S.A.] is not obligated by the forum selection clause to litigate in state court."  (Document no. 90, p. 3-4; see also p. 29 ("Until PREPA proves to the Court that [Vitol Inc.] is an alter ego of [Vitol S.A.], PREPA's arguments, both substantive and procedural as to the choice of forum clause in its contracts . . . cannot be accepted by the court.").)

PREPA subsequently filed a motion requesting leave to file an interlocutory appeal, as well as a motion to dismiss defendants' counterclaims based on the forum selection clause. Both motions were denied.  (Document no. 124).

Motion to Remand 2012 Action

As mentioned above, in December of 2012, PREPA filed a second action in the Commonwealth court, which defendants also promptly removed.  PREPA again sought remand, based on the forum selection clauses in the contracts.  The motion was denied "at this stage of the proceedings," on grounds that the court needed to first determine the "alter ego issue."  (Case No. 12-cv-02062; Docket no. 13.)

**ANALYSIS**

The relevant legal principles are rather straight-forward.
The federal removal statute is strictly construed. Danca v.
Private Health Care Systems, Inc., 185 F.3d 1, 4 (1st Cir.
1999). "If there is any doubt as to the right of removal,
federal jurisdiction should be rejected and the case resolved in
favor of remand." Tremblay v. Philip Morris, Inc., 231 F. Supp.
2d 411, 414 (D.N.H. 2002). When the propriety of a removal
petition is questioned, "the removing party bears the burden of
showing that removal is proper." Universal Ins. Co., Inc. v.
Warrantech Corp., 392 F. Supp. 2d 205, 208 (D.P.R. 2005). "That
burden is particularly heavy when the party seeks to avoid a
forum selection clause through use of removal." Carlyle Inv.
Mgmt. LLC v. Moonmouth Co. SA, 779 F.3d 214, 218 (3d Cir. 2015)
(citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15
(1972).

"Federal courts have long enforced forum selection clauses
as a matter of federal common law." [6] Lambert v. Kysar, 983 F.2d

---

[6] "[B]ecause there is no conflict between federal common law
and Puerto Rico law regarding the enforceability of forum-
selection clauses," the court will apply federal common law.
Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 16-17 (1st
Cir. 2009) (quotations omitted). See also D.I.P.R. Mfg., Inc.
v. Perry Ellis Intl., Inc., 472 F. Supp. 2d 151, 154 (D.P.R.

1110, 1116 (1st Cir. 1993). "The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 581 (2013) (internal quotations omitted). The Court of Appeals for the First Circuit has stated that a forum selection clause is "prima facie valid" and should not be set aside, "absent a strong showing by the resisting party that the clause is 'unreasonable under the circumstances,'." Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 48 (1st Cir. 2014) (quoting M/S Bremen, 407 U.S. at 15).

A.    Validity and Application of the Forum Selection Clause

1.    Permissive or Mandatory

"Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." Claudio-De Leon, 775 F.3d at 46. Here, both the magistrate judge and district judge properly

_____

2007) ("[G]iven the similarity between federal law and Puerto Rico law concerning enforcement of forum selection clauses, the First Circuit has applied federal common law when interpreting them in a diversity context.").

12

found that the forum selection clauses at issue are mandatory. The court sees no reason to revisit that determination.

### 2.    Coverage Question

The next topic of inquiry is the "coverage question" – whether the clauses encompass the claims in this suit. Huffington v. T.C. Group, LLC, 637 F.3d 18, 21 (1st Cir. 2011). Such a determination is "clause-specific," "so 'it is the language of the forum selection clause itself that determines which claims fall within its scope.'" Claudio-De Leon, 775 F.3d at 47 (quoting Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 19 (1st Cir. 2009). "So the scope question turns, as often is so with contracts, on plain language, attributed purpose, available precedent and any background policy considerations that may bear." Huffington, 637 F.3d at 21.[7]

The court, it seems, previously concluded that the forum selection clause in the contracts do cover the claims at issue here. (See Document no. 30, p. 8 ("The court then agrees that the [choice] of forum is enforceable unless pursuant to the cases of M/S/ Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10

---

[7]    Neither party argues that Puerto Rico law requires a different analysis.

13

(1972) and <u>Silva v. Encyclopedia Britannica, Inc.</u>, 239 F.3d 385, 386 (1st Cir. 2001)[,] there exists an 'unreasonable and/or unjust' reason.'".)  The plain language of the clauses encompass the claims.

The Choice of Law and Venue provision in each of the contracts is nearly identical and reads:

> The Contract shall be governed by, and construed in accordance with the laws of the Commonwealth of Puerto Rico.  Also, the contracting parties expressly agree that only the state courts of Puerto Rico will be the courts of competent and exclusive jurisdiction to decide over the judicial controversies that the appearing parties may have among them regarding the terms and conditions of this Contract.

(Document no. 325, Exh. 1.)  Defendants make two points in support of their position that the clause does not cover the dispute.  First, they argue that the clause is inapplicable because "this case is fundamentally <u>not</u> about [Vitol Inc.'s] performance under the terms and conditions of the contracts." (Document no. 333, pp. 3-4.)  But, the plain language of the clause does not limit its scope to coverage of controversies relating to <u>performance</u> under the terms and conditions of the agreement.  Instead, the clause is broadly written, applying to "judicial controversies" between the parties "<u>regarding</u> the terms and conditions" of the contracts (emphasis supplied).

14

Second, defendants argue that the "actual controversy" between the parties is over the statutory eligibility of Vitol Inc. and PREPA to contract, and "[t]his statutory claim is the substantive core of [the] two consolidated lawsuits." (Document no. 325, p. 11, 12.) According to defendants, PREPA has asserted, at most, one claim that falls with the scope of the forum selection clause, but the majority of PREPA's claims are "not claims regarding the terms and conditions of the contracts; they are claims for statutory violations seeking statutory forfeiture remedies." (Id. at 17, 12; see also Document no. 333, p. 3-4 ("This case is . . . about PREPA's statutory claims seeking statutory remedies for a statutory reporting violation.").)

The plaintiff in Huffington v. T.C. Group, LLC, 637 F.3d 18, made a similar argument. In Huffington, the forum selection clause named Delaware courts as the exclusive forum for "any action, suit or proceeding with respect to" the contract. Id. at 20. Huffington argued that his claims did not fall within the clause because he "advance[d] no contract claim and his stated statutory and common-law tort claims rest on alleged misrepresentations that occurred before he signed the agreement." Id. at 21. Our circuit court disagreed. Noting that the language of the clause "easily invite[d] a broader

15

application," the court concluded that "a suit is 'with respect to' the agreement if the suit is related to that agreement – at least if the relationship seems pertinent in the particular context." Id. at 22. The court of appeals then went on to note:

> So, too, courts describe the phrase "with respect to" as synonymous with the phrases "with reference to," "relating to," "in connection with," and "associated with," and they have held such phrases to be broader in scope than the term "arising out of," to be broader than the concept of a causal connection, and to mean simply "connected by reason of an established or discoverable relation."

Id. (citations omitted). The court concluded that, because "[e]ach cause of action Huffington asserted has as a prerequisite the loss that flowed from the agreement," Huffington's claims "related to" the agreement and fell within the scope of the clause. Id. at 22-23.

Huffington is particularly instructive here because the court of appeals equated the phrase "with respect to" (the language at issue in that case) to the phrase "with reference or regard to something" (the language at issue in this case). Id. at 22. And, as in Huffington, PREPA's claims all arise out of the parties' contractual relationship. Indeed, PREPA would have no claims against Vitol Inc. were it not for the contracts that include the forum selection clauses.

16

The clauses at issue here apply to controversies among the parties not simply "regarding the contracts," but regarding the "terms and conditions" of the contracts.  While that language might be seen as narrowing the scope of the forum selection clause, it supports PREPA's argument that the clause applies. That is because the majority of the contracts contain either: (1) a clause requiring Vitol Inc. to effectively represent that it had not violated Act 458; or (2) as part of the contractual terms and conditions, a representation by Vitol Inc. (or Vitol S.A., Inc.) that it was not prohibited from contracting with PREPA.  (See, e.g., Document no. 39-23, pp. 28-29; Document no. 39-21, p. 28; Document no. 39-22, pp. 27-28; Document no. 39-24, pp. 25-26; Document no. 39-25, pp. 25-26; Document no. 39-26, pp. 16, 25-26.)  Indeed, most of the contracts at issue contain both clauses.

In light of those express contractual provisions, it cannot reasonably be argued that PREPA's claims do not "relate to" the contract's terms and conditions.  See Bagg v. HighBeam Research, Inc., 862 F. Supp. 2d 41, 45 (D. Mass. 2012) ("courts have held that tort and statutory claims may 'relate to' a contract and fall within the scope of a forum selection clause, even if the complaint contains no explicit contract claims.")  (Collecting

17

authority.)  The court concludes that the clauses encompass the claims in the action.


       3.   <u>Enforceability</u>

Having determined that the clauses are mandatory and cover PREPA's claims, the "final step in evaluating the clause involves asking 'whether there is some reason the presumption of enforceability should not apply.'" <u>Claudio-De Leon</u>, 775 F.3d at 48 (quoting <u>Rafael Rodriguez Barril</u>, 619 F.3d at 93).

> A forum selection clause is "prima facie valid" and absent a "strong showing" by the resisting party that the clause is "'unreasonable' under the circumstances" it should not be set aside.  There are four grounds for finding such a clause unreasonable, and thus unenforceable:
>
> (1)   the clause was the product of "fraud or overreaching";
>
> (2)   "enforcement would be unreasonable and unjust";
>
> (3)   proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court"; or
>
> (4)   "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."

18

Claudio-De Leon, 775 F.3d at 48-49 (quoting Rafael Rodriguez

Barril, 619 F.3d at 93 (quoting Bremen, 407 U.S. at 15, 18))

(alterations in original).

Defendants argue that enforcement would be unreasonable and unjust because PREPA has taken "manifestly inconsistent positions" by arguing that the contracts have no legal effect while simultaneously attempting to enforce the contractual forum selection clause. (Document no. 325, p. 22.) While imaginative, defendants cite no persuasive authority in support of that position, and the court is not persuaded.

Along these lines, defendants also argue that PREPA should be judicially and equitably estopped from enforcing the clauses. Judicial estoppel requires that (1) a party adopt a position clearly inconsistent with a prior position; and (2) the party have succeeded in persuading a court to accept that party's prior position. Guay v. Burack, 677 F.3d 10, 16 (1st Cir. 2012). Defendants point to no evidence that PREPA has "successfully maintained" its position that the contracts have no legal effect. Defendants' judicial estoppel argument lacks merit.

Defendants' equitable estoppel argument is equally unavailing - as succinctly put by the court in <u>Marra v. Papandreou</u>, 59 F. Supp. 2d 65, 70 (D.C.C. 1999):

> This argument "puts the cart before the horse." For this argument to succeed, the court would have to hold that the defendants unlawfully revoked the consortium's license. That would require the court to reach the merits of the plaintiffs' claims. The court cannot reach the merits of those claims, however, until and unless it finds that the forum-selection clause does not apply.

<u>See</u> <u>also</u> <u>Contacare, USA, Inc. v. Laboratoires Contapharm</u>, No. CIV-85-794E, 1986 WL 3504, *2 (W.D.N.Y. Mar. 20, 1986) ("This Court finds no merit to the plaintiffs' argument that [defendant] should be precluded from invoking provisions of the contract before this Court because [defendant] has allegedly repudiated the contract. The plaintiffs' action against [defendant] arises under the contract. The mere fact that [defendant] in its defense alleges that it properly terminated the contract with Trans-Canada does not preclude [defendant] from looking to the contract for all purposes in this action. [Defendant] is therefore not estopped from invoking any venue provisions found to exist in the contract.").

In sum, defendants have not met their burden of establishing that enforcement of the forum selection clause

would be "unreasonable under the circumstances." Claudio-De Leon, 775 F.3d at 48 (quotation omitted). Accordingly, the court finds that the mandatory forum selections clauses are enforceable against Vitol Inc.

B.    28 USC § 1446's Unanimity Requirement

Under the provisions of 28 U.S.C. § 1441, a defendant in a state court action may remove the case to federal court if the plaintiff could have originally filed the case in federal court. Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009). "Where the action involves multiple defendants, however, the right of removal is subject to the so-called 'unanimity requirement.'" Id. (citing Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247–48 (1900)).[8]

> The requirement of unanimity serves the interests of plaintiffs, defendants and the judiciary. Plaintiffs are advantaged, because, were the right to removal an independent rather than joint right, defendants could split the litigation, forcing a plaintiff to pursue its case in two separate forums.

---

[8]    In 2011, 28 U.S.C. § 1446 was amended to codify the unanimity requirement. See Federal Court Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758; see also 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under [28 U.S.C. § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action."). Prior to the 2011 amendments, the unanimity requirement was "derived from 28 U.S.C. § 1446, which sets forth the procedure for removing a state action to federal court." Esposito, 590 F. 3d at 75 (citing Loftis v. UPS, 342 F.3d 509, 516 (6th Cir. 2003)).

21

> See Sansone v. Morton Mach. Works, Inc., 188 F. Supp.
> 2d 182, 184 (D.R.I. 2002) (citing Getty Oil Corp.,
> Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d
> 1254, 1262 n. 11 (5th Cir. 1988)). Defendants also
> stand to benefit from the requirement, as it precludes
> one defendant from imposing his choice of forum on a
> co-defendant. Id. (citation omitted).  And the
> unanimity requirement prevents the needless
> duplication of litigation, thereby preserving court
> resources and eliminating the unattractive prospect of
> inconsistent state and federal adjudications.
> Spillers v. Tillman, 959 F. Supp. 364, 369 (S.D. Miss.
> 1997).

Esposito, 590 F.3d at 75.  Accordingly, "subject to a few exceptions not applicable here, all defendants must consent to remove the case for removal to be effected."  Id. (citations omitted).


### 1.   Waiver of Right to Consent to Removal

PREPA argues that the forum selection clause vitiates Vitol Inc.'s ability to consent to removal of this action.  According to PREPA, because Vitol Inc. cannot consent to removal, the unanimity rule is violated and the case must be remanded.  In response, defendants argue that, even if Vitol Inc. waived its right to remove, Vitol Inc. did not waive its right to consent to removal by a co-defendant.  In support of the drawn distinction, defendants rely upon the Congress's 2011 amendments to 28 U.S.C. § 1446(b)(2)(C).  Those amendments allow an earlier-served defendant to consent to removal by a later-served defendant even if the earlier-served defendant had not effected

22

removal within 30 days and thereby waived its own right to remove. Defendants argue that, by this amendment, Congress, "adopted [the] underlying principle that a defendant's waiver of its right to remove does not automatically waive the right to consent to removal." (Document no. 325, p. 19.)

As previously noted, "[g]enerally, a forum selection clause mandating that disputes be resolved in state court operates as a waiver of the parties' removal rights under § 1441." Skydive Factory, Inc. v. Skydive Orange, Inc., No. 12-CV-307-SM, 2013 WL 954449, at *1 (D.N.H. Mar. 12, 2013) (collecting authority); see also GKD-USA, Inc. v. Coast Mach. Movers, No. CIV. A. WMN-15-1380, 2015 WL 5092523, at *3 (D. Md. Aug. 27, 2015) ("Courts have consistently held that, where a party has signed an agreement with a mandatory forum selection clause requiring the parties to litigate disputes exclusively in a particular state court, that party has waived the right to remove an action from that court.") (collecting authority). And, "[j]ust as the intent to establish a waiver of the right to removal may be inferred from the language of a forum selection clause, so, too, can the language of a forum-selection clause establish a waiver of the right to consent to some other defendant's removal." Medtronic, Inc. v. Endologix, 530 F. Supp. 2d 1054, 1058 (D. Minn. 2008) (emphases in original) (quotation omitted).

It may well be that, in some circumstances, a defendant's waiver of its right to remove might not also waive its right to consent to another's removal. But, such a distinction makes little sense in these circumstances, given the plain language of the forum selection clauses. Vitol Inc. and PREPA have both agreed that the Commonwealth courts of Puerto Rico have "exclusive jurisdiction" to "decide over . . . judicial controversies" between the parties. The clause conveys the "parties' agreement that exclusive jurisdiction over contractual disputes lies in the state court." Skydive Factory, Inc. v. Skydive Orange, Inc., 2013 WL 954449, at *1. If Vitol Inc. were deemed to have retained the right to consent to removal by another defendant, the Commonwealth courts of Puerto Rico would not have "exclusive jurisdiction" over the judicial controversies arising from the relevant contracts. The forum selection clauses would be rendered ineffective. Indeed, "[m]andatory forum selection clauses would lose much of their utility if a party . . . could contract for a venue for any dispute to be exclusively in a state court but, when a dispute arose, could avoid that clause by removing or consenting to remove the dispute from the state venue to federal court." Push Pedal Pull, Inc. v. Casperson, 971 F. Supp. 2d 918, 928 (D.S.D. 2013).

The reasoning in Medtronic, Inc. v. Endologix, 530 F. Supp.
2d 1054, is both instructive and persuasive.  In Medtronic, the
court addressed a nearly identical argument to the one
defendants make here[9] in the context of a forum selection clause
that required disputes to be "exclusively decided by a state
court in the State of Minnesota."  Id. at 1056.  After noting
that the "clear intent behind the forum-selection clauses is
that matters arising out of the . . . agreements are to be
litigated only in a Minnesota state court," the court stated:
"the only way for a state court to actually decide – that is,
render a decision – in a dispute arising out of the agreements
is for [defendants] to remain in state court once they have been
sued there; they cannot consent to some other party removing the
case, or else the state court will not be afforded the
opportunity to render a decision."  Id. at 1058.  The court
therefore concluded that "the forum-selection clauses waived not
only [defendants'] right to remove, but also their right to

---

[9]     While the Medtronic decision pre-dated the 2011 amendments,
defendants there relied upon Marano Enters. of Kan. v. Z-Teca
Rests., L.P., 254 F.3d 753 (8th Cir. 2001), where the Court of
Appeals for the Eighth Circuit adopted the position later
incorporated in the 2011 amendment: "even when a first-served
defendant does not effect removal within 30 days, and hence
waives its right to removal, a later-served defendant can
nevertheless remove within 30 days of being served, as long as
all of the defendants to the action consent to that removal."
Medtronic, 530 F. Supp. 2d at 1058.

consent to . . . removal," and therefore "the rule of unanimity cannot be satisfied." Id.[10]

So it is in this case. Because the forum selection clauses waived Vitol Inc.'s ability to consent to a co-defendant's removal, defendants cannot satisfy the unanimity requirement, and the case must be remanded. See Graham Construction Servs., Inc. v. Adventure Divers, Inc., No. 11-03414 (MJD/AJB), 2012 WL 1365729, at *5 (D. Minn. Mar. 27, 2012) ("Where one party is forbidden from giving consent to removal by a forum selection clause, removal is improper."); see also Push Pedal Pull, Inc. v. Casperson, 971 F. Supp. 2d at 928 ("If one defendant in a multi-defendant action contractually waives his right to removal, that defendant has waived his ability to consent to a co-defendants' removal; the defendants then cannot satisfy the unanimity requirement, and the case is subject to remand."); Cattleman's Choice Loomix, LLC v. Heim, No. 11-CV-00446-WYD-CBS, 2011 WL 1884720, at *3 (D. Colo. May 18, 2011) (adopting reasoning of cases holding "in multi-defendant cases, where some

---

[10] The court is not persuaded by defendants' efforts to distinguish Medtronic on the basis that those forum selection clauses also provided that the signatory would not take action to upset the plaintiff's choice of forum. This provision did not weigh heavily into the Medtronic court's analysis; indeed, the court indicated that these provisions merely "bolstered" its conclusion. Id. at 1058.

26

of the defendants are prevented by a contractual waiver from agreeing to removal, defendants cannot meet the unanimity requirement and the case must be remanded."); Weener Plastics, Inc. v. HNH Packaging, LLC, No. 5:08-CV-496-D, 2009 WL 2591291, at *1 (E.D.N.C. Aug. 19, 2009) (adopting magistrate court's recommendation that "concluded that the forum-selection clause in the Payment Agreement [between the parties] waived HNH's right to remove and thereby prevented HNH from lawfully removing the action."); First Lowndes Bank v. KMC Grp., No. CIV.A. 2:08CV906-WHA, 2009 WL 174972, at *2 (M.D. Ala. Jan. 26, 2009) ("If some defendants are prevented by a contractual waiver from agreeing to removal, the defendants cannot meet the unanimity requirement, and the case must be remanded.")

    2.    Waiver of Unanimity Argument

Defendants contend that PREPA waived its lack of unanimity argument by failing to raise it within thirty days of removal. Defendants rely on circuit precedent holding that a "defect in the removal process resulting from a failure of unanimity is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived and the action may proceed in federal court." Esposito v. Home Depot, U.S.A., Inc., 590 F.3d at 75.

27

In its initial motion to remand, which was timely filed within 30 days of removal, PREPA unambiguously argued: "pursuant to 28 U.S.C. § 1446(a), all defendants must consent to the removal. Vitol Inc. may not request and may not consent to removal of the State Case because it waived its statutory right to removal in the contracts subject to the State Case." (Document no. 9, p. 5.) (emphasis added). No more was necessary. PREPA adequately raised the unanimity argument in its initial motion to remand, and nothing in the record suggests either a forfeiture or waiver. See Weener Plastics, Inc., 2009 WL 2591291 at *2 (construing plaintiffs' argument that forum selection clause was mandatory and prevented removal "to include the argument that the forum-selection clause precluded [defendant] from consenting to removal"); see also Cattleman's Choice Loomix, LLC, 2011 WL 1884720, at *4 (finding that plaintiff had not waived unanimity argument where plaintiff's initial motion for remand was timely filed and referenced forum selection clause, because court did "not view Plaintiff's discussion of the applicability of the rule of unanimity as a wholly new argument, but rather a continuation of the arguments raised in Plaintiff's initial motion to remand.").

Even if PREPA had waived its unanimity argument, however, remand would still be required. PREPA seeks to enforce a

28

mandatory contractual forum selection clause.  When a defendant has removed a case in violation of a forum selection clause, remand is the appropriate and effective remedy for that wrong. "[Vitol Inc.] is stuck with [its] bargain."  PGT Trucking, Inc. v. Lyman Consulting, LLC, 500 Fed. Appx. 202, 204 (3d Cir. 2012).  "[E]nforcement of a waiver of the right to remove is a proper ground for remand."  Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991); see also Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999 ("determination that the [forum selection] clause does not permit further adjudication in that particular federal forum does not render the removal 'defective' in any ordinary sense of the word; it merely means that the federal court has held the parties to the terms of their agreement, as with any other contractual adjudication.").[11]

Finally, the court addresses PREPA's request for attorneys' fees pursuant to 28 U.S.C. 1447(c), as well as its request that

---

[11]    The court is aware that this case is long-in-tooth, and that remand at this stage is not the norm.  At no point, however, has PREPA sat on its hands with respect to raising the enforceability of the forum selection clauses.  Indeed, PREPA has raised the issue at nearly every opportunity. (See Document nos. 9, 39, 57, 91, 95, 116.)  Given that diligence, and the existence of mandatory, enforceable forum selection clauses, refusing to enforce the clauses now would be manifestly unjust to PREPA.  The defendants very well knew the risks of opposing remand on such doubtful legal grounds, and any prejudice to them is self-inflicted.

the court "clarify" the relationship between Vitol S.A. and Vitol S.A., Inc. Both requests are denied. While the court has concluded that remand is appropriate, defendants' removal of the case was not objectively unreasonable, as required by Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005), and an award of fees is unwarranted. As for PREPA's request for "clarification," PREPA is free to raise that request with the state court in Puerto Rico.

## CONCLUSION

For the foregoing reasons, as well as those set forth in plaintiffs' memoranda, PREPA's third motion to remand (document no. 322) is granted. The case is remanded to the Commonwealth of P.R. Court of First Instance, San Juan Part for further proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 15, 2016

cc:    Enrique Velez-Rodriguez, Esq.
Eduardo J. Corretjer-Reyes, Esq.
Elisa A. Fumero-Perez, Esq.
German A Reickehoff, Esq.
Pamela D. Gonzalez-Robinson, Esq.
Eduardo A. Vera-Ramirez, Esq.
Luis A. Rodriguez-Munoz, Esq.
Alexander L. Kaplan, Esq.
Eduardo A. Zayas-Marxuach, Esq.
Neal S. Manne, Esq.
Andres W. Lopez, Esq.
Francisco G. Bruno-Rovira, Esq.
Henry O. Freese-Souffrant, Esq.
Manuel A. Moreda-Toledo, Esq.
Weston L. O'Black, Esq.