BESOSA, District Judge.
Defendant Omniguide, Inc. ("Omniguide") moves to transfer this litigation to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. section 1404(a) (" section 1404"). (Docket No. 13.) For the reasons set forth below, the Court GRANTS Omniguide's motion to transfer.
I. Background
This action stems from the distribution agreement between Omniguide and plaintiff Vitalife, Inc. ("Vitalife"). Omniguide is organized pursuant to the laws of Delaware, and maintains its principal place of business in Lexington, Massachusetts. (Docket No. 47 at pp. 12-13.) The Commonwealth of Puerto Rico is Vitalife's place of incorporation and principal place of business. (Docket No. 19, Ex. 1 at p. 3.) Omniguide manufactures and develops surgical devices. (Docket No. 47 at p. 12.) Vitalife markets and distributes medical equipment in Puerto Rico and in the Virgin Islands. (Docket No. 13, Ex. 5 at p. 2.)
A. The Distribution Agreement
In September 2013, Vitalife agreed "to use its best efforts to market and sell [Omniguide's] Products in the Territory of Puerto Rico." (Docket No. 13, Ex. 2. at p. 3.) Omniguide and Vitalife stipulated that "[e]ither party [could] terminate the agreement *153 at any time, for any reason, or for no reason, upon thirty (30) days written notice."Id. The distribution agreement set forth a choice of law and forum selection clause, stating:
[The] terms and conditions shall be governed by and interpreted under the laws of the Commonwealth of Massachusetts ... Omniguide and [Vitalife] acknowledge and agree that the state and federal courts in Boston, Massachusetts shall be the exclusive venue for all actions arising in connection with this transaction.
Id. at p. 2. On July 17, 2017, Omniguide provided Vitalife with written notice of its intention to terminate the distribution agreement. (Docket No. 13, Ex. 4 at p. 2.)
B. Litigation in Puerto Rico and Massachusetts
Vitalife asserted that Omniguide's actions violated the laws of Puerto Rico and Massachusetts. (Docket No. 13, Ex. 5 at p. 4.) According to Omniguide, Vitalife "implicitly threatened to seek preliminary injunctive relief in Puerto Rico." (Docket No. 13 at p. 2.) On May 22, 2018, Omniguide filed suit against Vitalife in the United States District Court for the District of Massachusetts ("District of Massachusetts litigation"). Docket No. 10 at p. 2 (citing Omniguide, Inc. v. Vitalife, Inc., Case 18-11073). In the District of Massachusetts litigation, Omniguide requested a declaratory judgment confirming that "Omniguide has a valid right to sell its products directly to customers in Puerto Rico." (Docket No. 10, Ex. 1 at p. 2.)
The day after Omniguide commenced the District of Massachusetts litigation, Vitalife filed suit against Omniguide in the Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Division ("Commonwealth of Puerto Rico litigation"). Docket No. 19, Ex. 1; see Vitalife, Inc. v. Omniguide, Inc., Civil No. SJ2018-CV-3440. Vitalife amended its complaint on May 24, 2018, setting forth two causes of action. Id. First, Vitalife alleged that Omniguide terminated the distribution agreement in contravention of Puerto Rico Law 75, P.R. Laws. Ann. tit. 10, sections 278 et seq. ("Law 75"). (Docket No. 19, Ex. 1. at p. 7.)[1] Second, Vitalife avers that Omniguide failed to perform the distribution agreement in good faith. Id.; citing P.R. Laws Ann. tit. 10, § 3375.
On June 5, 2018, Omniguide removed the Commonwealth of Puerto Rico litigation to this Court pursuant to 28 U.S.C. section 1446 (Docket No. 1.)[2] Omniguide requested that the Court transfer this action to the District of Massachusetts pursuant to the forum selection clause. (Docket No. 13 at p. 2.) The Court denied Omniguide's request without prejudice. (Docket No. 13.)
Courts have recognized two forms of forum selection clauses: permissive and mandatory. Permissive forum selection clauses are "often described as 'consent to jurisdiction' clauses, [and] authorize *154 jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 17 (1st Cir. 2009) (citation omitted). In contrast, mandatory forum selection clauses "contain clear language indicating that jurisdiction and venue are appropriately and exclusively in the designated forum." Id.
The forum selection clause set forth in the distribution agreement is mandatory. Preclusive language, such as "shall" and "must," suggests that a clause is mandatory. Claudio-de León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 (1st Cir. 2014) (holding that contractual language stating litigation "shall be submitted to the jurisdiction and competence of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part" constitutes a mandatory forum selection clause). Omniguide and Vitalife included preclusive language, stating that the "state and federal courts in Boston, Massachusetts shall be the exclusive venue for all actions arising in connection with this transaction." (Docket No. 13, Ex. 2. at p. 3) (emphasis added). Accordingly, Vitalife disregarded the mandatory forum selection clause by commencing this action in the Commonwealth of Puerto Rico.
Omniguide filed a petition for a writ of mandamus regarding enforcement of the forum selection clause. (Docket No. 47 at p. 11.) The First Circuit Court of Appeals denied Omniguide's petition
without prejudice to the re-filing should the relief sought by petitioner not be attained through the pending litigation between the same parties in the [District of Massachusetts], or through reconsideration by [this Court] of its denial of the transfer motion 'without prejudice.'
In re Omniguide, No. 18-1770 (1st Cir. Oct. 17, 2018). At the initial scheduling conference, Omniguide and Vitalife expressed a willingness to settle this action. (Docket No. 48.) Accordingly, the Court granted the parties' request for a 30-day continuance to "finalize the terms of [a nascent settlement agreement] and [to] inform the Court." (Docket No. 48.)
Settlement negotiations, however, proved unsuccessful. Vitalife moved to enforce a purported settlement agreement that would result in the concurrent dismissal of the actions filed in the District of Puerto Rico and the District of Massachusetts. (Docket No. 51.) The Court denied Vitalife's motion, finding that "although the parties stood on the precipice of a settlement agreement, they failed to achieve a meeting of the minds." Vitalife, Inc. v. Omniguide, Inc., No. 18-1341, 350 F.Supp.3d 32, 34, 2018 WL 6132541, at *2, 2018 U.S. Dist. LEXIS 200123 *5 (D.P.R. Nov. 21, 2018) (Besosa, J.).
Dispositive motions, discovery, and potentially trial will ensue in the absence of a settlement agreement or voluntary dismissal. This litigation, however, will proceed elsewhere. The Court TRANSFERS this action to the United States District Court for the District of Massachusetts.
II. Transfer Pursuant to Section 1404
Pursuant to section 1404, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Congress adopted this statute "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (citation omitted). Courts adjudicate motions to transfer "according to an individualized, *155 case-by-case consideration of convenience and fairness." Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009). Relevant factors include: (1) the convenience of the parties and witnesses, (2) the availability of documents, (3) the possibility of consolidation, and (4) the order in which the district court obtained jurisdiction." Albizu Rodríguez v. Carlos Albizu Univ., 585 F. Supp. 2d 240, 244 (D.P.R. 2008) (Besosa, J.) (citation omitted).
The forum selection clause in the distribution agreement, however, modifies the conventional section 1404 analysis in three respects.[3] Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 571 U.S. 49, 63, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013). First, Vitalife shoulders the "burden of establishing that transfer to the forum for which the parties bargained for is unwarranted." Id. [4] Second, a forum selection clause precludes "arguments about the parties' private interests, [including] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses." Id. at 64, 134 S.Ct. 568. Accordingly, the Court may only consider public interest factors, which "rarely defeat a transfer motion." Id. Third, the jurisdiction identified in the forum selection clause "should not apply the law of the transferor venue to which the parties waived their right." Id. at 65, 134 S.Ct. 568.
The forum selection clause in the distribution agreement is a "significant factor that figures centrally in the district court's [ section 1404 ] analysis." Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ; Outek Caribbean Distribs. v. Echo., Inc., 206 F. Supp. 2d 263, 266 (D.P.R. 2002) (Laffitte, J.) (holding that a forum selection clause "should be given considerable weight in the balance of factors" regarding transfer pursuant to section 1404 ). The forum selection clause adopted by Omniguide and Vitalife is afforded "controlling weight in all but the most exceptional circumstances." Atl. Marine Constr. Co., 571 U.S. at 51, 134 S.Ct. 568 (quoting Stewart, 487 U.S. at 33, 108 S.Ct. 2239 (Kennedy, J., concurring) ). Because the parties adopted a forum selection clause, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should [Omniguide's] § 1404(a) motion be denied." Id. at 62, 134 S.Ct. 568.
III. Discussion
Transfer is a legal nullity unless the District of Massachusetts is a proper *156 venue. See In re Volkswagen of Am., Inc., 545 F.3d 304, 312 (5th Cir. 2008) ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue."). "A civil action may be brought in a judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1). A corporate defendant, such as Omniguide, "shall be deemed to reside ... in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c). Because Omniguide maintains its principal place of business in Massachusetts, the District of Massachusetts is a proper venue. See Daimler AG v. Bauman, 571 U.S. 117, 118, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) ("The paradigm all-purpose forum for general jurisdiction are a corporation's place of incorporation and principal place of business.") (citation omitted). Accordingly, this action "might have been brought" in the District of Massachusetts. 28 U.S.C. § 1404(a).
A. Transfer is Warranted
Transfer is appropriate pursuant to the modified section 1404 analysis. Vitalife's decision to file suit in the Commonwealth of Puerto Rico is inconsequential. See Doral Bank v. Citibank N.A., 32 F.Supp.3d 106, 109 (D.P.R. 2014) (Gelpí, J.) ("Citibank's choice of forum (Connecticut) merits no weight, and Citibank, as the party defying the forum-selection clause, has the burden of establishing that transfer to a different forum than that which the parties 'bargained for' (Puerto Rico) is warranted."); Kebb Mgmt. v. Home Depot U.S.A., Inc., 59 F.Supp.3d 283, 287 (D. Mass. 2014) (holding that because the parties adopted a forum selection clause, "the fact that [plaintiff] filed suit in Massachusetts is entitled no weight").
The Court will not consider Omniguide and Vitalife's private interests, such as convenience to the parties and to the witnesses. See González-Martínez v. Royal Caribbean Cruises, 94 F. Supp. 3d 147, 154-155 (D.P.R. 2015) (Delgado-Colón, J.) (holding that the existence of a forum selection clause precluded consideration of the parties' private interests, including the plaintiffs' age and financial resources). Public interests, however, do bear on the Court's analysis. See Caribbean Rests., LLC v. Burger King Corp., 23 F.Supp.3d 70 (D.P.R. 2014) (Pérez-Giménez, J.) ("[A] court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests.") (citation omitted). Public interest considerations include the "the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home and the interest in having the trial of a diversity case in a forum that is at home with the law." Alt. Marine, 571 U.S. at 62 n. 6, 134 S.Ct. 568.
The United States Supreme Court's decision in Stewart Org. v. Ricoh Corp. is illustrative. 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Stewart, an Alabama corporation, entered into a dealership agreement with Ricoh, a New Jersey corporation. Id. The parties adopted a forum selection clause, designating "any appropriate state or federal district court located in the Borough of Manhattan, New York City, [as the] exclusive jurisdiction over any case or controversy arising" from their agreement. Id. A dispute arose between the parties, prompting Stewart to file suit in the United States District Court for the Northern District of Alabama. Id. The district court denied Ricoh's motion to transfer, relying in part on an Alabama law that disfavored forum selection clauses. Id. The Eleventh Circuit Court of Appeals reversed and remanded with instructions *157 to transfer the action in accordance with the forum selection clause. Id. Although the Stewart Court recognized that Alabama law disfavored forum selection clauses, it held that "Congress has directed that multiple considerations govern transfer within the federal court system, and a state policy focusing on a single concern or subset of factors identified in § 1404(a) would defeat that command." Id. at 30, 108 S.Ct. 2239. The Supreme Court of the United States instructed the district court to "determine in the first instance the appropriate effect under federal law of the parties' forum-selection clause on [Ricoh's] § 1404 motion." Id. at 32, 108 S.Ct. 2239.
Vitalife invokes Law 75, which serves "to protect the interest of commercial distributors working in Puerto Rico." Gemco Latinoamerica, Inc. v. Seiko Time Corp., 623 F.Supp. 912, 918 (D.P.R. 1985) (Laffitte, J.); P.R. Laws Ann. tit. 10, §§ 278 et seq. Similar to the Alabama law in Stewart, Law 75 provides that:
[a]ny stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void.
P.R. Laws Ann. tit. 10, § 278b-2. The public policy of the Commonwealth of Puerto Rico, however, is not dispositive. On the contrary, courts have frequently upheld forum selection clauses pertaining to claims arising pursuant to Law 75. See, e.g., Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda., 906 F.2d 45, 49 (1st Cir. 1990) (upholding forum selection clause prescribing Brazil as a mandatory forum in a Law 75 action); Antilles Cement Corp. v. Aalborg Portland A/S, 526 F.Supp.2d 205, 210 (D.P.R. 2007) (Acosta, J.) (same; England); Stereo Gema, Inc. v. Magnadyne Corp., 941 F.Supp. 271, 273 (D.P.R. 1996) (Laffitte, J.) (same; California).[5] The forum selection clause in this action outweighs the public policy interests articulated in Law 75. The parties' agreement to litigate claims arising from the distribution agreement in the District of Massachusetts will prevail.
The choice of law clause in the distribution agreement also militates in favor of transfer. The parties agreed that the "terms and conditions [of the distribution agreement] shall be governed by and interpreted under the laws of the Commonwealth of Massachusetts." (Docket No. 13, Ex. 2. at p. 2.)[6] Transfer to the District of Massachusetts will ensure that the forum "is at home with the law." Alt. Marine, 571 U.S. at 62 n.6, 134 S.Ct. 568.
The exclusivity of the forum selection clause underscores that transfer is warranted. See González-Morales v. UBS Bank USA, 63 F. Supp. 3d 191, 198 (D.P.R. 2014) (Besosa, J.) (transferring civil action to the District of Utah pursuant to section 1404, because the "mandatory *158 forum selection clause contained in the credit line agreement signed by the parties [was] valid and enforceable"). Omniguide and Vitalife, both sophisticated parties with legal representation, entered into a distribution agreement that included a mandatory forum selection clause. See P & S Business Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) ("[W]hile other factors might conceivably militate against a transfer ... the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.") (citation omitted). The forum selection clause remains binding despite attempts to litigate in alternative jurisdictions. Accordingly, Omniguide's motion to transfer is GRANTED .
III. Conclusion
For the reasons set forth above, the Court GRANTS Omniguide's motion to transfer. (Docket No. 13.) Accordingly, this action is TRANSFERRED to the District of Massachusetts.
IT IS SO ORDERED.

Law 75, also known as the Dealers' Contract Law, provides that:
[in the absence of a] clause reserving to the parties the unilateral right to terminate the existing [distribution] relationship, no principal or grantor may directly or indirectly perform an act detrimental to the established relationship or refuse to renew said contract in its normal expiration, except for just cause.
P.R. Laws Ann. tit. 10, § 278(a).

Omniguide invokes this Court's diversity jurisdiction, alleging complete diversity of citizenship among the parties, and that the amount in controversy exceeds $75,000. Docket No. 1 at p. 5; citing 28 U.S.C. § 1332. The Court is satisfied that, based on the allegations set forth in Vitalife's amended complaint, diversity jurisdiction exists in this civil action.

The forum selection clause in the distribution agreement is presumptively valid. See Claudio-de León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 48 (1st Cir. 2014) ("A forum selection clause is prima facie valid and, absent a strong showing by the resisting party that the clause is unreasonable under the circumstances, it should not be set aside.) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (internal citation omitted) ). Vitalife contests that the "forum selection clause that Omniguide seeks to enforce ... expired by its own terms on December 31, 2015." (Docket No. 47 at pp. 11-12.) This Court defers to the District of Massachusetts to determine if the forum selection clause expired.

In actions without a forum selection clause, the party seeking transfer must overcome "the strong presumption in favor of plaintiff's choice of venue." Arroyo-Pérez v. Demir Group Int'l., 733 F. Supp. 2d 314, 319 (D.P.R. 2010) (Arenas, J.) (citation omitted); see Villalobos v. North Carolina Growers Ass'n., 42 F.Supp.2d 131, 142 (D.P.R. 1999) (Fusté, J.) ("The burden of proof is on the movant and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") (citation and internal quotation omitted).

See also Puerto Rico Surgical Techs., Inc. v. Applied Med. Distribution Corp., No. 10-1797, 2010 WL 4237927, at *2, 2010 U.S. Dist. LEXIS 114068, at *3 (D.P.R. Oct. 26, 2010) (Pieras, J.) (same; California); Aguakem Caribe, Inc. v. Kemiron Atl., Inc., 218 F.Supp.2d 199, 203 (D.P.R. 2002) (García-Gregory, J.) ("Caribe will not be inconvenienced as far as its Law 75 claims are concerned, the transferee Court will resolve them pursuant to Puerto Rico law.").

The Court considers Law 75 solely in the context of Omniguide's motion to transfer. The distribution agreement is "governed by and interpreted under the laws of the Commonwealth of Massachusetts." (Docket No. 13, Ex. 2. at p. 2.) This Opinion and Order does not address whether the Law 75 claim asserted by Vitalife is consistent with the choice of law clause.