# United States Court of Appeals
## For the First Circuit

No. 13-1198

ROSANA CLAUDIO-DE LEÓN; LUIS F. CARRASQUILLO-RIVERA;
CONJUGAL PARTNERSHIP CARRASQUILLO-CLAUDIO,

Plaintiffs, Appellants,

v.

SISTEMA UNIVERSITARIO ANA G. MÉNDEZ; UNIVERSIDAD DEL ESTE;
EVELYN AYALA, in her official and personal capacity;
JOHN DOE; CONJUGAL PARTNERSHIP DOE-AYALA; LITZ PRÍNCIPE, in
her official and personal capacity; JAMES DOE; CONJUGAL
PARTNERSHIP DOE-PRÍNCIPE; ALBERTO MALDONADO; JOSÉ MÉNDEZ,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before
Torruella and Lipez, Circuit Judges,
Gelpí,[*] District Judge.

Saulo Abad Vélez-Ríos, with whom Vélez & Sepúlveda, P.S.C. was
on brief, for appellants.
Edgar Hernández-Sánchez, with whom Victoria D. Pierce-King and
Cancio, Nadal, Rivera & Díaz, P.S.C. were on brief, for appellee.

December 22, 2014

---

[*]  Of the District of Puerto Rico, sitting by designation.

**TORRUELLA, Circuit Judge.** Plaintiffs-Appellants Rosana Claudio-de León ("Claudio"), Luis F. Carrasquillo-Rivera ("Carrasquillo"), and the conjugal partnership Carrasquillo-Claudio (collectively, "Appellants") appeal the dismissal of Claudio's Title VII pregnancy and sex discrimination claim and Appellants' supplemental state law claims due to a forum selection clause contained in the employment contracts between Claudio and the University of the East of the Ana G. Méndez University System ("SUAGM" by its Spanish acronym) which precludes adjudication in federal court. On appeal, Appellants argue that: (1) the forum selection clause was not triggered because SUAGM failed to participate in mandatory "constructive negotiations conducted in good faith between the parties"; (2) Appellees[1] waived enforcement of the forum selection clause due to their delay in raising the issue before the district court; and (3) even if the district court was correct in enforcing the forum selection clause, the dismissal should have been without prejudice. Though we disagree with Appellants and find the forum selection clause applicable and enforceable, we agree that the district court should have dismissed the case without prejudice. We therefore affirm the district court

---

[1] In addition to SUAGM, Appellees include Evelyn Ayala-Quintero ("Ayala"), in her official and personal capacity, Litz Príncipe-Ramírez ("Príncipe"), in her official and personal capacity, Alberto Maldonado, and José Méndez.

but modify the judgment to expressly permit re-filing in the appropriate forum.

## I.  Background

On February 15, 2008, Claudio was hired by the SUAGM School of Continuing Education.  The employment contract, which was for a fixed term, was extended on four separate occasions, each for approximately six months.  The final two extensions -- covering August 3 through December 31, 2009, and January 7 through July 31, 2010, respectively -- contained the following provision:

> THIRTEENTH: Any dispute which arises between the parties and which cannot be resolved or surmounted by constructive negotiations conducted in good faith between the parties shall be submitted to the jurisdiction and competence of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, for adjudication and resolution.

According to Claudio, beginning in August 2009 she "experienced a series of continuous actions that reveal a hostile environment of moral harassment in the employment and of marriage and pregnancy discrimination" by Ayala, her supervisor.  This all stemmed, Claudio claims, from her relationship with, marriage to, and impregnation by Carrasquillo, the School's Marketing Officer.  Concerned with this hostile environment, Claudio met with several SUAGM administrators: Ayala on December 11, 2009; Príncipe, the Associate Dean of the Continuing Education School, on January 14, 2010; María Socorro Díaz de Burgos ("Díaz de Burgos"), the Executive Assistant to the Chancellor, on January 15, 2010; and

-3-

Mildred Y. Rivera-Cordero ("Rivera"), the System Vice-President of the Continuing Education School and the Professional Studies School, around April 2010.[2]  In all of these meetings, Claudio was told to "limit herself to her duties and to always greet Mrs. Ayala to teach her how professionals worked and to not assume the same attitude."  On June 3, Príncipe informed Claudio that her contract would not be renewed because Ayala "did not want her" there and because of Claudio's "low productivity."

The next day, June 4, 2010, Claudio filed a complaint before the Equal Employment Opportunity Commission ("EEOC") alleging pregnancy and sex discrimination.  On July 16, 2010, Appellants filed suit in the Court of First Instance of the Commonwealth of Puerto Rico, Ponce Part.  On October 12, 2010, the EEOC issued Claudio a Notice of Right to Sue.  Appellants subsequently filed the instant action against SUAGM and numerous individuals in the district court on January 10, 2011, alleging marriage discrimination, pregnancy and gender discrimination, and retaliation under Title VII, and various state law claims.

On April 15, 2011, Appellees filed a motion to dismiss, arguing that Title VII does not provide for individual liability and that Appellants failed to exhaust their administrative remedies.  On November 30, 2011, the district court agreed in part,

---

[2]  Unlike the other meetings, the meeting with Rivera was not in person but rather through a telephone conversation.

dismissing all claims except Claudio's Title VII pregnancy and sex discrimination claim against SUAGM and Appellants' supplemental state law claims against all Appellees. Approximately two weeks later, on December 16, 2011, Appellees filed a second motion to "[d]ismiss the verified complaint without prejudice," seeking, for the first time, to enforce the forum selection clause in the employment contracts. The district court granted this motion on May 14, 2012, but was silent as to whether the dismissal was with or without prejudice.

The district court denied Appellants' motion for reconsideration on December 26, 2012, and this timely appeal followed.

## II.  Discussion

In this Circuit, "we treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)."[3]

---

[3]  In December 2013, the Supreme Court decided Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas, 134 S. Ct. 568, 579-80 (2013), which held that "the appropriate way to enforce a forum-selection clause" is "through a motion to transfer under § 1404(a)" or, if the clause points to a state or foreign forum, "through the doctrine of forum non conveniens," and not through an improper venue § 1406(a) or Rule 12(b)(3) motion. The Court explicitly declined to express a view as to whether a Rule 12(b)(6) motion is a proper alternative. See id. at 580 ("We therefore will not consider [the appropriateness of using Rule 12(b)(6)]. Even if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that § 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause . . . ."). Thus, absent a clear statement from the Supreme Court to the

Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009); see also, e.g., Silva v. Encyclopedia Brittanica Inc., 239 F.3d 385, 387 (1st Cir. 2001). We thus review the district court's decision de novo. Rivera, 575 F.3d at 15. In conducting this review, we, like the district court, may consider "documents the authenticity of which are not disputed by the parties," "documents central to plaintiffs' claim," and "documents sufficiently referred to in the complaint." Id. (quoting Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)) (internal quotation marks omitted); see also Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When . . . a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."). The employment contracts containing the forum selection clause at issue fall under each of these categories.

contrary, the use of Rule 12(b)(6) to evaluate forum selection clauses is still permissible in this Circuit, and we will not decline to review or enforce a valid forum selection clause simply because a defendant brought a motion under 12(b)(6) as opposed to under § 1404 or forum non conveniens.

**A. The Forum Selection Clause Is Applicable and Enforceable**

"Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." <u>Rivera</u>, 575 F.3d at 17. "Permissive forum selection clauses . . . authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere. . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." <u>Id.</u> (second alteration in original) (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3803.1 (3d ed. 1998)) (internal quotation marks omitted).

Here, there is no doubt that the forum selection clause contained within the employment contracts is mandatory. The clause states that disputes "<u>shall</u> be submitted to the jurisdiction and competence of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part," and it is axiomatic that the word "shall" has a mandatory connotation. <u>See</u>, <u>e.g.</u>, <u>Jama</u> v. <u>Immigration & Customs Enforcement</u>, 543 U.S. 335, 346 (2005) (contrasting the discretionary word "may" with the mandatory word "shall"); <u>Rivera</u>, 575 F.3d at 17 n.5 (including "shall" in a list of "typical mandatory terms"); <u>Black's Law Dictionary</u> 1585 (10th ed. 2014) (defining "shall" to mean "[h]as a duty to; more broadly,

is required to" and explaining that it is used to express "the mandatory sense that drafters typically intend").

The next step in evaluating the applicability of a forum selection clause is ascertaining its scope. Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 92-93 (1st Cir. 2010). This is a clause-specific analysis, so "it is the language of the forum selection clause itself that determines which claims fall within its scope." Rivera, 575 F.3d at 19. The clause at issue here covers "[a]ny dispute which arises between the parties and which cannot be resolved or surmounted by constructive negotiations conducted in good faith between the parties." Notwithstanding Appellants' acknowledgment of the broad reach of the term "any dispute," they argue that the phrase "which cannot be resolved or surmounted by constructive negotiations conducted in good faith" limits the reach of the clause by creating a condition precedent. According to Appellants, because the parties never engaged in constructive negotiations in good faith prior to Appellants filing suit, the mandatory forum selection clause was never triggered, and thus Appellants were free to file wherever they wanted.

We reject this reading because such an interpretation leads to absurd results. In normal cases, plaintiffs initiate lawsuits and thus ordinarily have their choice of venue. See Atl. Marine, 134 S. Ct. at 581 ("Because plaintiffs are ordinarily

-8-

allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the 'plaintiff's venue privilege.'" (quoting Van Dusen v. Barrack, 376 U.S. 612, 635 (1964))). The purpose of a forum selection clause, therefore, is, at least in part, to protect defendants and give them a voice as to where a dispute will be heard and resolved. See, e.g., Huffington v. T.C. Grp., LLC, 637 F.3d 18, 22-23 & n.3 (1st Cir. 2011); C. Pappas Co. v. E. & J. Gallo Winery, 565 F. Supp. 1015, 1018 (D. Mass. 1983). If Appellants' interpretation were accepted, the forum selection clause would effectively be rendered meaningless: if a plaintiff wanted to litigate his or her claim in the forum agreed to, he or she could file the lawsuit there in the first instance; if he or she did not want to be in that forum, he or she could file the lawsuit somewhere else as soon as a dispute arose, without giving the defendant a chance to "constructive[ly] negotiat[e] . . . in good faith," and then argue, as Appellants do here, that the clause was never triggered due to the failure to conduct pre-filing negotiations.[4] Such an outcome would defeat the entire purpose of including a forum selection clause to begin with, and thus cannot have been the intent of the parties when they entered the contract.

---

[4] Appellants emphasized at oral argument that the constructive negotiations had to be conducted pre-filing, so, according to Appellants, even if Appellees offered to negotiate prior to filing their motion to dismiss, it would have been too late for purposes of the forum selection clause.

We see no reason to deviate from the accepted practice of avoiding interpretations that either give a clause no effect or go against the intent of the parties. See P.R. Laws Ann. tit. 31, § 3474 ("If any stipulation of a contract should admit of different meanings, it should be understood in the sense most suitable to give it effect."); Irizarry v. García, 155 D.P.R. 713, 726, __ P.R. Offic. Trans. __, 2001 WL 1555664 (P.R. Nov. 27, 2001) ("[W]hen construing a contract, one must presuppose fairness, correction and good faith in its wording and construe it in such a manner that leads to results consonant with the contractual relationship as required by ethical standards. In other words, one cannot seek to obfuscate or distort the interpretation of contracts to reach absurd or unfair results."); Restatement (Second) of Contracts § 203(a) (1981) ("In the interpretation of a promise or agreement or a term thereof, the following standards of preference are generally applicable: (a) an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect.").

Moreover, even if we did accept Appellants' interpretation, they would still be subject to the forum selection clause. First, it is not clear to us that the so-called condition precedent was not met. Appellants' complaint states that Claudio met with Ayala, Príncipe, Díaz de Burgos, and Rivera between December 11, 2009, and April 2010 to discuss her alleged hostile

environment.  In each case, Claudio was allegedly given advice as to how to handle the situation and improve it.  Nothing in the complaint suggests that these conversations "between the parties" could not be considered "constructive" and "good faith" negotiations to alleviate Claudio's concerns.  That the meetings did not fix the problem and Claudio was eventually terminated is irrelevant.  The burden is on Appellants to establish that a forum selection clause should not be enforced -- in this case by showing that constructive negotiations in good faith never occurred -- and they have not done so.  See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17 (1972) (explaining that the party arguing that a forum selection clause is inapplicable "bear[s] a heavy burden of proof"); In re Mercurio, 402 F.3d 62, 66 (1st Cir. 2005) (recognizing the "'heavy burden of proof'" to overcome a forum selection clause on inconvenience grounds (quoting Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991))).

And, even if they were not negotiations as envisioned by the contract, Appellants make no claim that they attempted to constructively negotiate but that Appellees refused to participate (or did so in bad faith).  By failing to do so, instead opting to bypass the so-called condition precedent and immediately file a claim -- first with the EEOC, then with the Commonwealth court, and finally before the district court -- Appellants would be estopped

from relying on Appellees' failure to comply with the same requirement to justify litigation outside of the agreed-upon forum.

Having established that the forum selection clause is mandatory and its scope covers Appellants' claims, the final step in evaluating the clause involves asking "whether there is some reason the presumption of enforceability should not apply." Rafael Rodríquez Barril, 619 F.3d at 93.  A forum selection clause is "prima facie valid" and, absent a "strong showing" by the resisting party that the clause is "'unreasonable' under the circumstances," it should not be set aside.  Bremen, 407 U.S. at 10, 15.  There are four grounds for finding such a clause unreasonable, and thus unenforceable:

> (1) the clause was the product of "fraud or overreaching";
>
> (2) "enforcement would be unreasonable and unjust";
>
> (3) proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court"; or
>
> (4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."

Rafael Rodríquez Barril, 619 F.3d at 93 (alteration in original) (quoting Bremen, 407 U.S. at 15, 18) (internal citations omitted). Appellants make no argument that the clause was obtained through fraud or overreaching, that enforcement will deprive Appellants of

their day in court, or that any public policy counters against enforcement of the clause.

Appellants' waiver argument, however, implicates the second category. Appellants contend that by waiting eleven months after filing suit (a year-and-a-half if one counts the dismissed lawsuit in the Ponce court) to invoke the forum selection clause, Appellees consented to adjudicating the dispute before the district court and any argument to the contrary was waived. They argue that because discovery was well under way, significant resources had already been expended, and substantive and dispositive motions were filed, Appellees essentially "test[ed] the waters" of federal court "before invoking their rights under the forum selection clause." It would be "completely unreasonable and unjust," Appellants assert, to grant the Rule 12(b)(6) motion and require them to "start over" in state court.

This contention is easily dispensed with. "[A] motion to dismiss based on a forum-selection clause may be raised at any time in the proceedings before disposition on the merits." Silva, 239 F.3d at 388. Claudio's pregnancy and sex discrimination claim and Appellants' supplemental claims under Puerto Rico law were never disposed of on the merits. Thus, the Rule 12(b)(6) motion was properly made and no waiver occurred. While we acknowledge that waiting so long to enforce the clause does, at first blush, appear unfair to Appellants, there is nothing in the record to suggest

that any potential unfairness rises to the level of being "unjust" or "unreasonable." Indeed, if Appellants wanted to avoid any seeming unfairness, they should have filed their suit in the proper forum to begin with.

Finding no reason to overcome the "presumption of enforceability," we agree with the district court that the forum selection clause requiring Appellants to bring their claims before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part is valid and applicable. Appellees' Rule 12(b)(6) motion was, therefore, properly granted.

## B. Dismissal Should Have Been Without Prejudice

When the district court granted Appellees' motion to dismiss, it was silent on the issue of prejudice. Generally, we presume that such a dismissal was with prejudice. See United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 241 (1st Cir. 2004) ("[I]n the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice."), abrogated on other grounds by United States ex rel. Gagne v. City of Worcester, 565 F.3d 40 (1st Cir. 2009). Still, it is our practice for dismissals due to forum selection clauses to be dismissed without prejudice so the case may be re-filed in the appropriate forum. See, e.g., Huffington, 637 F.3d at 21, 26 (affirming the district court's dismissal of plaintiff's claims "without prejudice, Fed. R. Civ. P. 12(b)(6),

-14-

concluding that the forum selection clause encompassed his claims"); <u>Rafael Rodríquez Barril</u>, 619 F.3d at 92, 95 (affirming the district court's dismissal without prejudice under Rule 12(b)(6) due to a valid forum selection clause); <u>Odishelidze</u> v. <u>Aetna Life & Cas. Co.</u>, 853 F.2d 21, 23 (1st Cir. 1988) ("[The district court] also ordered the complaint dismissed 'for failure to plead a cognizable claim under federal jurisdiction' and noted that the dismissal was 'without prejudice of [plaintiff] filing another action in the proper <u>local forum</u>.'").

Indeed, Appellees' motion to dismiss specifically sought dismissal <u>without</u> prejudice. Because courts generally grant the relief requested of them, and the district court gave no indication that it was departing from the requested relief in its order, it seems fair to presume that the court intended to grant the relief as requested by Appellees. We therefore modify the judgment so that Claudio's Title VII pregnancy and sex discrimination claim and Appellants' supplemental claims are dismissed without prejudice to re-file in the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part. <u>See</u> 28 U.S.C. § 2106 (allowing a "court of appellate jurisdiction" to "modify . . . any judgment . . . as may be just under the circumstances"); <u>González-de-Blasini</u> v. <u>Family Dep't</u>, 377 F.3d 81, 89 (1st Cir. 2004) (recognizing the court's power under 28 U.S.C. § 2106 to modify a dismissal with prejudice to only bar federal claims).

### III.  Conclusion

For the foregoing reasons, we affirm the district court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure due to an applicable and enforceable forum selection clause but modify the judgment to be without prejudice to re-file in the appropriate forum.

**So ordered.**