# United States Court of Appeals
## For the First Circuit

No. 20-1681

BAUTISTA CAYMAN ASSET COMPANY,

Plaintiff, Appellee,

v.

FOUNTAINEBLEU PLAZA, S.E.; EDWIN ANTONIO LOUBRIEL ORTIZ,

Defendants, Appellants,

SEDCORP, INC.,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Kayatta, Lipez, and Barron,
Circuit Judges.

Juan R. Dávila-Díaz for appellants.
Carolina Velaz-Rivero, with whom Mauricio O. Muñiz-Luciano,
Hans E. Riefkohl-Hernández, and Marini Pietrantoni Muñiz LLC were
on brief, for appellee.

May 27, 2021

**KAYATTA**, **Circuit Judge**.  In March of 2017, Bautista Cayman Asset Company brought an action for collection of monies and foreclosure of collateral against Fountainebleu Plaza, S.E., Edwin Loubriel Ortiz, and Sedcorp, Inc.  The district court later granted summary judgment in Bautista's favor.  Fountainebleu and Loubriel timely appealed.  They contend that the district court did not have subject-matter jurisdiction over the case, and that, even if it did, genuine disputes of material fact precluded the district court from granting summary judgment.  After carefully considering on de novo review the record and briefs on appeal, as well as oral argument by counsel, we vacate and remand for the sole purpose of better determining the amount due.

As to the district court's subject-matter jurisdiction, Fountainebleu and Loubriel argue that a clause in the parties' loan agreement -- the agreement at the core of the case -- was a mandatory forum selection clause, requiring that the case be litigated in Puerto Rico state court.  That clause provides that, "[i]n the event of any litigation that arises in connection with this contract, with the Loan, or with the other documents connected hereto, the parties submit to the jurisdiction of the General Court of Justice of Puerto Rico."  For substantially the reasons offered by the district court in its opinion denying the defendants' motion to dismiss for lack of subject-matter jurisdiction, Bautista Cayman Asset Co. v. Fountainebleu Plaza, S.E., No. 3:17-cv-01383-

- 2 -

JAG (D.P.R. Jan. 19, 2018), ECF No. 33, we conclude that the clause did not deprive the district court of subject-matter jurisdiction.

We have previously read similar provisions as "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction in other courts." Autoridad de Energía Eléctrica de P.R. v. Ericsson Inc., 201 F.3d 15, 18-19 (1st Cir. 2000) (citing Redondo Constr. Corp. v. Banco Exterior de España, S.A., 11 F.3d 3, 6 (1st Cir. 1993)). Fountainebleu and Loubriel direct us to Summit Packaging Systems, Inc. v. Kenyon & Kenyon, 273 F.3d 9 (1st Cir. 2001), but that case only bolsters our reading of the clause. There, we held mandatory a clause providing that, in the event of a certain dispute, "you agree that the dispute will be submitted to arbitration . . . or . . . submitted to the Courts of the State of New York." Id. at 11. When parties, such as those in Summit Packaging, "agree that they 'will submit' their dispute to a specified forum, they do so to the exclusion of all other forums." Id. at 13. This sort of agreement stands "[i]n contrast to" mutual assent to a particular court's "jurisdictional authority." Id. Where, as here, the parties agree only to submit themselves to the jurisdiction of a particular court, they do not do so to the exclusion of all others.

Moving past subject-matter jurisdiction, Fountainebleu and Loubriel argue that genuine disputes of material fact precluded the district court from granting summary judgment. They assert

- 3 -

that such disputes existed as to whether (1) Bautista was the owner of the loans in question; (2) Bautista set forth sufficient evidence to prove the validity of the mortgage; (3) the description of the mortgaged property was sufficient; and (4) the amounts claimed by Bautista reflect all of the payments made by the debtors. We address each of these points in turn.

First, Fountainebleu and Loubriel state that there is no evidence in the record demonstrating that Bautista owns the credit facilities at issue. But, in their answer to the complaint, Fountainebleu and Loubriel admitted: Doral Bank executed a loan agreement with Fountainebleu as borrower and Loubriel as guarantor; to secure the obligations under the loan agreement, Doral Bank executed a pledge agreement with Fountainebleu in which a mortgage note was pledged in favor of Doral Bank; the mortgage guaranteeing the mortgage note encumbers Property 16,778 in the Registry of Property of Puerto Rico, Section of Guaynabo; a financing statement in relation to the mortgage note was filed in favor of Doral Bank before the Department of State; and the mortgage note, which was "pledged in favor of Doral [Bank], . . . was subsequently endorsed in favor of Bautista." Fountainebleu and Loubriel offer no evidence or argument that those admitted facts do not establish ownership by Bautista of the subject facilities.

Second, Fountainebleu and Loubriel state that Bautista did not produce admissible evidence to show the validity of the pledge agreement, the mortgage, and the mortgage note. They say that the documents Bautista submitted were drafts lacking the signatures and seals required under Puerto Rico law, see P.R. Laws Ann. tit. 4, § 2034, and that the versions of the documents Bautista submitted are inadmissible and therefore cannot support Bautista's motion for summary judgment, see Fed. R. Civ. P. 56(c)(2). But Bautista described the pledge agreement, mortgage, and mortgage note in its complaint, and it attached copies identical to the ones Fountainebleu and Loubriel now challenge, incorporating them into the complaint. Fountainebleu and Loubriel admitted to the veracity of the relevant portions of these documents.

Third, Fountainebleu and Loubriel state that, even if the pledge, mortgage, and mortgage note are otherwise valid, they do not clearly identify the subject property. They emphasize that the mortgage deeds guaranteeing the mortgage note differ from a title study in how they describe the mortgaged properties. The mortgage deeds describe the "remnant" of property number 16,778 -- the mortgaged property -- as consisting of 91,352.3910 square meters, but they also explain that "segregated from the aforedescribed property was a part of [2.0628] cuerdas, without describing in said deed the remnant." Bautista's title study

described property number 16,778 as consisting of 86,232.1484 square meters since it is a "remnant of this property after segregating a lot with an area of 5,120.2426 square meters, equivalent to 1.3028 cuerdas."[1] Fountainebleu and Loubriel have not provided any legal argument or caselaw addressing the materiality of such a purported discrepancy in the description of the mortgaged property. Accordingly, we deem any argument waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Finally, Fountainebleu and Loubriel challenge the amount of the judgment, claiming that it fails to account for payments made to Bautista's predecessor totaling $242,624.89. As the moving party, Bautista bore the initial burden of showing that no genuine issue of material fact exists. See Feliciano-Muñoz v. Rebarber-Ocasio, 970 F.3d 53, 62 (1st Cir. 2020) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Bautista properly supported the amount of the debt via an affidavit from its loan servicer. At that point, Fountainebleu and Loubriel had to identify specific facts demonstrating the existence of a genuine dispute to avoid summary judgment against them. See id. Fountainebleu and Loubriel produced transaction details and account records as evidence of the claimed payments as well as an affidavit of Loubriel contending

_____

[1] Fountainebleu and Loubriel also note that Doral Bank sent a letter to Loubriel roughly describing the collateral for the loan as parcels of land totaling ninety-three thousand square meters.

that to the best of his knowledge Bautista had not netted these payments out. Bautista claims that the payments were netted out and alternatively that Fountainebleu and Loubriel should have looked to Bautista's predecessor.

The record on this point leaves room for reasonable debate. If the payments totaling nearly $250,000 were accounted for, Bautista should have records showing precisely how and when they were applied to the debt. And Loubriel should have -- or should have had -- more documents showing that the payments went unaccounted for in Bautista's rendering of the total debt. This miasma works to Bautista's detriment. While we cannot "allow conjecture to substitute for the evidence necessary to survive summary judgment," we also "must not engage in making credibility determinations or weighing the evidence at the summary judgment stage." Town of Westport v. Monsanto Co., 877 F.3d 58, 66 (1st Cir. 2017) (quoting Pina v. Children's Place, 740 F.3d 785, 802 (1st Cir. 2014)). In the absence of more evidence (say, an accounting of the loan payment history), we have a classic battle of the affidavits: the loan servicer's versus Loubriel's. We therefore vacate the judgment and remand for the sole purpose of better determining the amount due.

For the foregoing reasons, the judgment is vacated. No costs are awarded.