# United States Court of Appeals
## For the First Circuit

No. 21-1331

ZULEYKA RIVERA,

Plaintiff, Appellant,

v.

KRESS STORES OF PUERTO RICO, INC. ET AL,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Lynch, Selya, and Kayatta,
Circuit Judges.

Edwin Prado-Galarza, with whom Prado, Núñez & Asociados, P.S.C. was on brief, for appellant.
Luis Martínez Lloréns, with whom Luis Martínez Lloréns Law Offices, P.S.C. was on brief, for appellee Kress Stores of Puerto Rico, Inc.
Nelson N. Córdova Morales for appellee Mark Berezdivin.

March 29, 2022

**SELYA**, **Circuit Judge**.  A forum-selection clause may be either permissive or mandatory, and this appeal requires us to explore the parameters of that important distinction.  Concluding, as we do, that the district court erred in characterizing the forum-selection clause at issue here as mandatory, we vacate its order dismissing the action and remand for further proceedings consistent with this opinion.

## I

Because this appeal flows from the district court's order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we draw the relevant facts from the complaint, the documents annexed to it, and other materials fairly incorporated in it.  See Rodi v. S. New Eng. Sch. of L., 389 F.3d 5, 12 (1st Cir. 2004).

In 2009 — a few years after winning the Miss Universe title in 2006 — plaintiff-appellant Zuleyka Rivera entered into a business arrangement with defendant-appellee Kress Stores of Puerto Rico, Inc. (Kress Stores), an established purveyor of women's apparel, fragrances, and accessories in Puerto Rico.  The plaintiff granted the retailer exclusive rights to use her name, pageant title, image, and likeness for the development and promotion of, among other things, branded items of apparel and fragrances.  In exchange, the plaintiff was to be paid $125,000 per year.

The parties memorialized this arrangement by executing a professional services agreement (the Agreement) on August 5, 2009. The Agreement was signed both by the plaintiff and by defendant-appellee Mark Berezdivin (on behalf of Kress Stores). It included a choice-of-law and forum-selection provision, stating: "This [A]greement shall be interpreted in accordance with the laws of the Commonwealth of Puerto Rico and, in case of any controversies or conflicts in relation with this [A]greement, the parties agree to voluntarily submit to the jurisdiction of the Court of First Instance, Superior Court of San Juan."[1]

The original term of the Agreement was two years. When the Agreement was set to expire, Kress Stores exercised the contractual option to extend it for an additional year (until August of 2012) at a rate of $112,500 per year. Thereafter (the complaint alleges), annual payments in the previously agreed amount continued for each "contract year" through August of 2018. Withal, the parties did not execute any writing extending the contract: according to the complaint, they never "edit[ed]" the "contract via writing, but rather via verbal communication and through the continuous yearly payments."

_____

[1] The Agreement was written in the Spanish language. We rely on a Spanish-to-English translation of the Agreement contained in the record.

The plaintiff's sworn statement, annexed to the complaint, clarifies that on September 1, 2012, the parties decided to further "extend [their] agreements and [they] verbally agreed to continue the relationship with yearly compensation." This "verbal agreement allowed Kress [Stores'] commercial exploitation of [the plaintiff's] name, image and likeness for a period of one year and it was renewed every year upon payment of the agreed compensation."

In 2018, Kress Stores failed to pay the plaintiff the stipulated annual stipend. Instead, it attempted to renegotiate the compensation figure. This attempt fell flat and, in March of 2020, the plaintiff sent Kress Stores an accounting of payments due and a cease-and-desist letter. At that point (the complaint alleges), Kress Stores and Berezdivin acknowledged Kress Stores' debt to the plaintiff, made a partial payment, and announced that they intended to pay the debt according to a revised payment plan. They also represented that they no longer had any of the plaintiff's branded merchandise on hand — but the plaintiff alleges that Kress Stores continued to maintain and market products labeled "Zuleyka Rivera" at its brick-and-mortar and online stores.

The plaintiff never agreed to a revised payment plan. Instead, she invoked diversity jurisdiction, see 28 U.S.C. § 1332(a), and sued Kress Stores and Berezdivin in Puerto Rico's

- 4 -

federal district court.[2]  She alleged an amalgam of breach of contract and tort claims against both Kress Stores and Berezdivin. Kress Stores moved to dismiss, arguing that the suit was brought in contravention of the Agreement's forum-selection clause. Berezdivin also moved to dismiss, arguing that he could not be held individually liable.  The plaintiff opposed both motions. She argued, as relevant here, that even if the forum-selection clause was in effect (which she disputed), that clause did not prohibit the prosecution of her action in the federal district court.

The district court granted Kress Stores' motion to dismiss.  See Rivera v. Kress Stores, P.R., Inc., No. 20-1350, 2021 WL 952385, at *10 (D.P.R. Mar. 12, 2021).  Based on the allegations of the complaint, the plaintiff's sworn statement, and the Agreement, it concluded that the parties had committed orally to extend the Agreement and that the Agreement (including the forum-selection provision) had continued in effect year-to-year. See id. at *9.  With that foundation in place, the court concluded that the forum-selection provision required the action to be prosecuted in the Puerto Rico Court of First Instance.  See id. at

---

[2] In her suit — brought in July of 2020 — the plaintiff also purported to sue two unnamed insurance companies.  Service of process upon those anonymous entities was never perfected, and we make no further reference to them.

*10. Finally, the court denied Berezdivin's separate motion to dismiss as moot. See id. This timely appeal followed.

## II

On appeal, the plaintiff advances two main contentions. First, she challenges the district court's conclusion that the parties had extended the terms of the Agreement (and, specifically, the forum-selection clause) past the first three years of their relationship. Second, she challenges the district court's conclusion that the forum-selection clause required the prosecution of her action in the Puerto Rico court. As we explain below, the second of these challenges is meritorious and, thus, we need not address the first.

### A

The dispositive issue is whether the district court erred in dismissing the action based on the forum-selection clause. Our standards of review are familiar.

Where, as here, a forum-selection clause is alleged to require reference to a state or foreign forum, the appropriate way for a federal court to enforce it is through a motion to dismiss for forum non conveniens. See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49, 60 (2013). Even so, "we will not decline to review or enforce a valid forum selection clause simply because a defendant brought a motion under [Rule] 12(b)(6)." Claudio-de León v. Sistema Universitario Ana G.

- 6 -

Méndez, 775 F.3d 41, 46 & n.3 (1st Cir. 2014). In other words, it is permissible to "treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." Id. (quoting Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009)). So it is here: although Kress Stores' motion mentioned Rule 12(b)(1) in passing, the parties' briefing below focused on Rule 12(b)(6); the district court granted Kress Stores' motion on the authority of that rule; and no party has mounted a procedural challenge to the district court's invocation of Rule 12(b)(6). Thus, we treat Rule 12(b)(6) as the procedural modality underpinning the district court's ruling.

We review de novo a district court's allowance of a motion to dismiss for failure to state a claim under Rule 12(b)(6). See Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021); SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010) (en banc). In adjudicating a Rule 12(b)(6) motion, a district court may consider not only the complaint but also any documents annexed to it (the authenticity of which are unchallenged) and other such documents that are sufficiently referenced and/or relied upon in the complaint. See Rodi, 389 F.3d at 12; Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998). For purposes of this appeal, then, we — like the district court — may consider the complaint, the plaintiff's sworn statement, and the Agreement.

In an action brought in diversity jurisdiction, a federal court must pay heed to whether, under the Erie doctrine, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), federal or state law supplies the rules of decision. Here, however, we need not pursue any choice-of-law analysis. The parties agree that there is no discernable conflict between federal common law and Puerto Rico law with respect to forum-selection clauses, and they have acquiesced to the application of federal common law with respect to the question of contract interpretation. Cf. Borden v. Paul Revere Life Ins. Co., 935 F.2d 370, 375 (1st Cir. 1991) (noting that when "the parties have agreed about what law governs, a federal court sitting in diversity is free, if it chooses, to forgo independent analysis and accept the parties' agreement"). Despite the Agreement's choice-of-law provision directing the application of Puerto Rico law to the interpretation of its provisions, the parties rely on federal precedents applying law from a variety of jurisdictions, along with general contract-law principles. Consequently, we — like the district court — will apply federal precedents and general principles of contract law. Cf. Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 26 (1st Cir. 2008) (concluding that when all counsel had "argued that New York law and Puerto Rico law were essentially equivalent," court could apply Puerto Rico law, notwithstanding contractual provision directing application of New York law); John Wyeth & Brother Ltd.

- 8 -

v. CIGNA Int'l Corp., 119 F.3d 1070, 1074 (3d Cir. 1997) (Alito, J.) (applying general contract law to interpret forum-selection clause in agreement governed by English law because parties "ma[de] little reference to English contract law"). In any event, the exclusive application of Puerto Rico law would not alter the outcome of the case at hand. See Centro Médico, 575 F.3d at 16-17; see also Autoridad de Energía Eléctrica de P.R. v. Ericsson Inc., 201 F.3d 15, 18 (1st Cir. 2000) (applying Puerto Rico law); Constructora Andrade Gutiérrez, S.A. v. Am. Int'l Ins. Co. of P.R., 467 F.3d 38, 45 (1st Cir. 2006) ("Under Puerto Rico law, we accord the terms of a contract their plain meaning, reading the contract as a whole.").

**B**

The plaintiff argues that the Agreement's forum-selection clause was not enforceable in the manner prescribed by the district court because it did not require the prosecution of her action in a particular forum.[3] Federal common law regarding

---

[3] The plaintiff also claims that the oral extension of the parties' business arrangement (from August of 2012 forward) did not incorporate the forum-selection provision. We need not address this additional claim but, rather, assume — favorably to the defendants — that the oral extension encompassed the forum-selection clause. We vacate that portion of the district court's order regarding the terms of the parties' oral extension of the Agreement, and we take no view on the underlying question of whether and to what extent the terms of the Agreement were incorporated into the oral agreement that followed. That question is best resolved, after discovery, in the district court.

the enforceability of forum-selection clauses ordinarily entails several steps. See Claudio-de León, 775 F.3d at 46-47. Here, however, we need not trace those steps: this appeal rises or falls on the outcome of a threshold inquiry into whether the Agreement's forum-selection clause is permissive or mandatory. See id. at 46.

The distinction is easily stated. "A forum selection clause may make the designated forum merely available for resolution of disputes or it may make it 'exclusive,' at least in the sense that either side can insist upon it as the venue." Huffington v. T.C. Group, LLC, 637 F.3d 18, 21 (1st Cir. 2011) (citing Centro Médico, 575 F.3d at 17). The former type of forum-selection clause is deemed "permissive" and is "often described as [a] 'consent to jurisdiction' clause[]." Centro Médico, 575 F.3d at 17 (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3803.1 (3d ed. 1998)). Such clauses "authorize[] personal jurisdiction in a designated forum but do[] not prohibit litigation [of covered claims] elsewhere." 17 James W. Moore, Moore's Federal Practice § 111.04 (3d ed. 2021); see Claudio-de León, 775 F.3d at 46. Put another way, if one party brings a covered claim in the designated forum, the opposing party has waived its right to object to personal jurisdiction in that forum. See Ericsson, 201 F.3d at 18-19.

The latter type of forum-selection clause is deemed "mandatory" because it "dictates the exclusive forum for

litigation." 17 Moore's Federal Practice, supra, § 111.04. Absent a waiver, such clauses require parties to litigate covered claims exclusively in the designated forum. See Atlas Glass & Mirror, Inc. v. Tri-N. Builders, Inc., 997 F.3d 367, 374 (1st Cir. 2021).

The plaintiff contends that the forum-selection clause at issue here is permissive: it reflects the parties' consent to personal jurisdiction in a designated forum and does not require litigation of covered claims in that forum. See, e.g., Bautista Cayman Asset Co. v. Fountainebleu Plaza, S.E., 999 F.3d 33, 35 (1st Cir. 2021); Ericsson, 201 F.3d at 18-19. The district court disagreed, see Kress Stores, 2021 WL 952385, at *5-6 — and that is the crux of the dispute that we must resolve.

We approach this dispute mindful that the forum-selection provision is a creature of contract, and its interpretation depends on customary principles of contract interpretation. See Ericsson, 201 F.3d at 18; see also 17 Moore's Federal Practice, supra, § 111.04. Consequently, we look to the "specific language of the contract at issue," Silva v. Encyc. Britannica Inc., 239 F.3d 385, 388 (1st Cir. 2001), in order to determine whether the provision's terms reflect "clear language indicating that jurisdiction and venue are appropriate exclusively" in a designated forum, Claudio-de León, 775 F.3d at 46 (quoting Centro Médico, 575 F.3d at 17).

- 11 -

Here, our appraisal of the forum-selection language must be guided by "common-sense canons of contract interpretation," Smart v. Gillette Co. Long-Term Disability Plan, 70 F.3d 173, 178 (1st Cir. 1995) (citation omitted), and general principles of contract law.  In conducting this appraisal, we adhere to the convention that "contracts containing unambiguous language must be construed according to their plain and natural meaning."  Id.

We conclude that the Agreement's forum-selection clause is permissive:  it merely authorizes litigation of covered claims in a designated forum, but does not compel resort to that forum. One key indicator of its permissive nature is that it does not use any terms that fairly suggest exclusivity of the specified forum. The operative language is that "the parties agree to voluntarily submit to the jurisdiction of the Court of First Instance, Superior Court of San Juan."  This language is most naturally read as a mutual consent to jurisdiction, and the verb "agree" — on its own — does not suggest the exclusivity of the forum.  See Ericsson, 201 F.3d at 18-19 (concluding that forum-selection clause stating that the "parties agree to submit to the jurisdiction of" certain courts contains no language providing for exclusive jurisdiction).

Such a reading of the forum-selection clause comports with our interpretation of a nearly identical forum-selection clause in Bautista Cayman Asset.  Refined to bare essence, the forum-selection clause in that case, like the one here, reflects

an agreement by the parties to "submit to the jurisdiction" of a designated court.  Bautista Cayman Asset, 999 F.3d at 35.  That language, we explained, is strongly reminiscent of the permissive forum-selection clause in Ericsson, and indicates only that the parties agreed to "submit themselves to the jurisdiction of a particular court."  Id. (emphasis in original).  In other words, a forum-selection clause specifying that the parties agree to submit to the jurisdiction of a particular court does no more than signify the parties' "mutual assent to a particular court's 'jurisdictional authority.'"  Id. (quoting Summit Packaging Sys., Inc. v. Kenyon & Kenyon, 273 F.3d 9, 13 (1st Cir. 2001)).  By its very nature, such a provision is "not a negative exclusion of jurisdiction in other courts."  Ericsson, 201 F.3d at 18-19 (citing Redondo Constr. Corp. v. Banco Exterior de España, S.A., 11 F.3d 3, 6 (1st Cir. 1993)).

The district court rejected the plaintiff's proffered comparison of the Agreement's forum-selection clause to the forum-selection clause in Ericsson.  The court identified certain textual differences that, in its view, "drastically changed the nature and effect of the clause."  Kress Stores, 2021 WL 952385, at *5.  It also reasoned that a permissive forum-selection clause would "make no sense" in light of the parties' circumstances.  These justifications cannot bear the weight that the district court loaded upon them.

- 13 -

The Agreement's forum-selection clause deviates from the Ericsson clause in two principal ways.  First — unlike the clause at issue in Ericsson — the Agreement's forum-selection clause begins with language that articulates its application "in case of any controversies or conflicts."  The defendants stressed this phrase at oral argument, and they — like the district court — linked it with the infinitive phrase "to voluntarily submit."  That attempted linkage does not withstand scrutiny:  reading the forum-selection clause as a whole, the infinitive phrase plainly refers to the parties, not to the submission of "controversies or conflicts."  See Bautista Cayman Asset, 999 F.3d at 35.

Recognizing the awkwardness of its reading, the district court theorized that any other construction would "choose form over substance" given the parties' "clear" intent that state court jurisdiction would be "predicated" on the occurrence of "any controversy or conflict in relation."  Kress Stores, 2021 WL 952385, at *5-6 (quotations and alterations omitted).  The decisive consideration, however, is what the words employed by the parties in the forum-selection clause tell us about the parties' intent.  See McCarthy v. Azure, 22 F.3d 351, 359 (1st Cir. 1994) (analyzing text of agreement as "best indicator of the parties' intent").  There are no magic words, and a forum-selection clause may designate an exclusive forum in a variety of ways.  The common denominator, though, is that the clause, fairly read, must state

- 14 -

in clear language that the parties agree to channel a particular suit or class of suits exclusively to a designated court for resolution. See, e.g., Claudio-de León, 775 F.3d at 45-47 (concluding that forum-selection clause providing that disputes "shall be submitted" to designated court was mandatory); Summit Packaging Sys., Inc., 273 F.3d at 13; Silva, 239 F.3d at 386, 388-89 (concluding that forum-selection clause providing that "all actions . . . must be brought" in designated court was mandatory). Read in context, the language to which the district court alluded signifies only that the parties consented to submit themselves to the jurisdiction of the Puerto Rico court for controversies or conflicts arising in connection with the Agreement. See Bautista Cayman Asset, 999 F.3d at 35 (finding forum-selection clause permissive even though clause began with phrase "[i]n the event of any litigation that arises in connection with this contract").

The second main way in which the Agreement's forum-selection clause deviates from the Ericsson model is no more supportive of the district court's rationale. Unlike in Ericsson, the Agreement's forum-selection clause mentions a single court, not a group of courts. But this distinction makes no difference. Consenting to the jurisdiction of a single court, without more, does not imply a negative exclusion of jurisdiction elsewhere. Any implication of that sort would be tenuous and, thus, at a far remove from the requisite "clear language indicating that

- 15 -

jurisdiction and venue are appropriate exclusively" in a designated court. See, e.g., Bautista Cayman Asset, 999 F.3d at 35 (holding that forum-selection clause specifically identifying single court was permissive); Prestige Cap. Corp. v. Pipeliners of P.R., Inc., 849 F. Supp. 2d 240, 246 (D.P.R. 2012) (similar). Thus, the textual differences between the Agreement's forum-selection clause and the Ericsson forum-selection clause provide no basis for concluding that the clause is mandatory.[4]

Looking beyond the text, the district court reasoned that the parties' circumstances show that there is no likelihood of a personal-jurisdiction issue. See Kress Stores, 2021 WL 952385, at *6. Because a permissive forum-selection clause would provide no "tangible benefit," the court suggested, the forum-selection clause should be interpreted as mandatory. Id.

We do not believe that such a speculative thesis can permit a court to turn the unambiguous language of a contractual provision inside out. See Ericsson, 201 F.3d at 19 (rejecting argument that because "there was no need for a consent to personal jurisdiction," permissive forum-selection clause was "mere surplusage"). A party mulling the possibility of future legal action has "an obvious interest in cutting off any possible

---

[4] By contrast, in Centro Médico, we found that a forum-selection clause similar to the Ericsson clause was mandatory because it, unlike the Ericsson clause, reflected an agreement by putative plaintiffs to file their complaints in a particular court.

litigation on personal jurisdiction grounds, even if the issue [i]s unlikely to be raised." Id. A permissive forum-selection clause reflecting consent to personal jurisdiction in a designated court may be useful not only where personal jurisdiction is likely to become an issue (for example, where a putative defendant is out of state) but also in less obvious cases (for example, where an in-state defendant subsequently moves to another jurisdiction). Securing advance consent to the jurisdiction of a designated court is, in effect, a way for a party to manage risk. See Dunne v. Libbra, 330 F.3d 1062, 1064 (8th Cir. 2003).

This case illustrates the point. One might expect the plaintiff — as the recent and much-celebrated winner of an international beauty pageant — to be peripatetic. The Agreement, executed in 2009, recites that the plaintiff was then residing in Puerto Rico. The record does not reveal where the plaintiff lived at the time the parties orally extended their business arrangement. Eventually, though, she apparently moved: the complaint, filed in 2020, predicates diversity jurisdiction, in relevant part, on her Florida citizenship. Contrary to the district court's musings, the raison d'être for the clause may very well have been to nail down the plaintiff's consent to personal jurisdiction in the designated court.

In the end, the Agreement's forum-selection clause reflects only the parties' agreement to submit themselves to the

jurisdiction of a particular court. See, e.g., Bautista Cayman Asset, 999 F.3d at 35; Ericsson, 201 F.3d at 16. That limited type of consent "does not by its terms exclude jurisdiction in another court." Bautista Cayman Asset, 999 F.3d at 35. We hold that the district court erred in dismissing the action based on the forum-selection clause.

## III

We tie up one loose end. In granting Kress Stores' motion to dismiss, the district court dismissed the case in its entirety. That dismissal swept away the plaintiff's claims against Kress Stores as well as her claims against Berezdivin, and, thus, rendered Berezdivin's independent motion to dismiss moot. See Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001). In consequence of this appeal, the district court's order of dismissal will be vacated. That vacation, in turn, undercuts the rationale for the district court's determination that Berezdivin's motion to dismiss had become moot. Accordingly, that ruling is also vacated. See Costa-Urena v. Segarra, 590 F.3d 18, 30 (1st Cir. 2009) (explaining that vacation of judgment on claim necessarily led to vacation of order that relied on that judgment). On remand, the district court may consider the merits of Berezdivin's motion in the first instance.

We add a coda. The defendants rejoin that we lack jurisdiction to review the district court's decision to deny

Berezdivin's motion to dismiss as moot. They point out that the plaintiff's notice of appeal does not mention that ruling in haec verba. The notice of appeal, however, designated the district court's dispositive order that addressed each motion to dismiss filed by the defendants. No more was exigible. Had the plaintiff intended to designate only the part of that order addressing Kress Stores' motion, she would have been required to state expressly that the notice of appeal was limited to the ruling on Kress Stores' motion. See Fed. R. App. P. 3(c)(6). What is more, even were the rulings on each motion considered separate orders, the notice of appeal encompassed the final judgment, and thus, appellate jurisdiction existed over all orders that merged into that judgment. See Fed. R. App. P. 3(c)(4)-(5). Consequently, we reject the defendants' threadbare attempts to shield the district court's decision to deny Berezdivin's motion as moot.

## IV

We need go no further. We hold that the Agreement's forum-selection clause is permissive and does not mandate litigation of the plaintiff's claims in the Puerto Rico court. It follows inexorably that the forum-selection clause does not foreclose the prosecution of this action in the court below. We therefore vacate the district court's dismissal of the action, including its decision concerning the terms of the oral extension of the Agreement and its denial of Berezdivin's motion to dismiss

- 19 -

as moot.  We remand for further proceedings consistent with this opinion.  Costs shall be taxed in favor of the plaintiff.

**<u>Vacated and Remanded</u>**.